# STATE OF NORTH CAROLINA

_____ Union _____ County

File No. **25CV000445-890**

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
CHRIS COMISKEY and TORI COMISKEY

*Address*
c/o TLG Law, 2907 Providence Rd., Suite 303

*City, State, Zip*
Charlotte          NC     28211

**VERSUS**

*Name Of Defendant(s)*
VILLAGE OF MARVIN and KIM VANDENBERG

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Village of Marvin<br>10006 Marvin School Road<br>Marvin, NC 28173 | Kim Vandenberg<br>806 Capington Lane<br>Marvin, NC 28173 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*
Benjamin J. Axelman
TLG Law
2907 Providence Rd., Suite 303
Charlotte, NC 28211

*Date Issued*
1/24/2025   *Time* 4:55:43 pm   ☐ AM ☐ PM

*Signature*
/s/ Sandra Higgins

☒ *Deputy CSC*   ☐ *Assistant CSC*   ☐ *Clerk Of Superior Court*

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

*Date Of Endorsement*          *Time*          ☐ AM ☐ PM

*Signature*

☐ *Deputy CSC*   ☐ *Assistant CSC*   ☐ *Clerk Of Superior Court*

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

Electronically Filed Date: 1/24/2025 4:40 PM  Union Superior Court County Clerk of Superior Court

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 1.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 2.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA

COUNTY OF UNION

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25-CVS_____

---

CHRIS COMISKEY and VICTORIA
COMISKEY,

    *Plaintiffs,*

v.

VILLAGE OF MARVIN and KIM
VANDENBERG,

    *Defendants.*

**COMPLAINT, MOTION FOR TEMPORARY
RESTRAINING ORDER, AND MOTION FOR
PRELIMINARY INJUNCTION**

---

**PLAINTIFFS** Chris Comiskey ("Mr. Comiskey") and Tori Comiskey ("Ms. Comiskey") (together, "Plaintiffs"), by and through undersigned counsel, complain of Defendants Village of Marvin ("VOM") and Kim Vandenberg ("Ms. Vandenberg") (together, "Defendants") as follows:

1.    Mr. Comiskey is a resident and citizen of Union County, North Carolina.

2.    Ms. Comiskey is a resident and citizen of Union County, North Carolina.

3.    VOM is an incorporated municipality located within Union County, North Carolina.

4.    Upon information and belief, Ms. Vandenberg is a resident and citizen of Union County, North Carolina.

5.    Upon information and belief, Ms. Vandenberg was serving as mayor pro tempore for VOM at all times relative to the matter set forth in this Complaint.

### Plaintiffs' Property Rights

6.    Plaintiffs, husband and wife, are the joint owners of the real property and home located at 312 Painted Turtle Court, Marvin, North Carolina 28173.

7.    The Home is located within VOM and is part of a subdivision known as Marvin Creek.

8.    The properties within Marvin Creek are subject to certain covenants, conditions, and restrictions (the "CCRs") which are recorded in book 3664 at page 68.

9.    The CCRs are incorporated herein by reference.

10.    Under Article III, Section 1 of the CCRs, the HOA-owned common land, including the land at issue abutting Plaintiffs' property (the "HOA Private Property") is strictly limited to private community use and cannot be converted for public use.

11.    The CCRs are on file at the Union County Deeds Office, and as such are sealed to Plaintiffs' deed, securing their private property right that no public use can be made on the HOA Private Property.

12.    Plaintiffs' private property right to restrict attempts to make public use take the form of a negative easement ("Plaintiffs' Negative Easement").

13.    Plaintiffs' Negative Easement restricts the development of any part of the HOA Private Property for public access in any manner.

14.    Upon information and belief, the restrictions in the CCRs and Plaintiffs' Negative Easement were known to Defendants at all relevant times.

15.    In or around November 2023, the HOA purported to grant an easement (the "Easement") to VOM which would allow for the public use of HOA Private Property that is subject to Plaintiffs' Negative Easement.

16.    The Easement is for the purpose of constructing a public trail (the "Public Trail Project") through the woods to another pre-existing trail, for the purpose of directly connecting Plaintiffs' Marvin Creek neighborhood to a newly zoned tavern with at least 120 parking spaces.

17.    It has never been the nature or character of Marvin Creek to be directly connected to a tavern.

18.    In February 2024, Plaintiffs notified Defendants that the CCRs prohibited the HOA from granting the Easement to VOM for public use.

19.    In the months following January 2024, Plaintiffs repeatedly provided Defendants with evidence, including independent legal opinions, that the Easement was illegal and invalid.

**Plaintiffs' Objections and Defendants' Retaliatory Actions**

20.    Subsequent to the notification by Plaintiffs, Ms. Vandenberg publicly represented that no legal challenges to the validity of the Easement were raised in an effort to garner support for the Public Trail Project.

21.    In the months following January 2024, Ms. Vandenberg initiated and continued a pattern of behavior and actions calculated to retaliate against and suppress Plaintiffs' objection to the Easement.

2

22.    Ms. Vandenberg escalated her efforts to silence Plaintiffs by misusing the Union County Sheriff's Office ("UCSO") to intimidate and discredit Ms. Comiskey for sharing factual crime data.

23.    Upon information and belief, in February 2024, and again in March 2024, Ms. Vandenberg requested that UCSO officers attend public VOM Council meetings in response to Ms. Comiskey's social media posts highlighting crime patterns near trails.

24.    Ms. Comiskey had, in the weeks prior, accurately presented crime data obtained from Detective Brandon Trull ("Detective Trull"), a UCSO representative, detailing regional break-ins and property crimes tied to wooded trail access.

25.    In her social media posts, Ms. Comiskey included specific details of her conversation with Detective Trull and provided information for neighbors to contact him directly.

26.    Ms. Vandenberg and her associates responded by calling upon UCSO officers to appear at public meetings and to rebut and discredit Ms. Comiskey and her factual reporting.

27.    At both meetings, UCSO's statements failed to substantively refute Ms. Comiskey's data but were nonetheless leveraged by Ms. Vandenberg to publicly portray Ms. Comiskey's concerns as alarmist and unfounded.

28.    Namely, Defendants successfully cajoled UCSO officers to falsely state that there is "no evidence" that the criminals who committed break-ins used the wooded trail that Defendants intend to connect to Plaintiffs' property.[1]

29.    Detective Trull's theory that the wooded trails were most likely used as the point of access by the perpetrators of the nearby break-ins was supported by substantial evidence.

30.    Ms. Vandenberg's and her associates' misuse of UCSO created a chilling effect on Plaintiffs' exercise of their free speech rights and was a calculated effort to intimidate Plaintiffs into silence.

31.    Plaintiffs, as a result of these actions, endured and continue to endure hostility from members of the community who had been misled into believing that Plaintiffs' concerns were unfounded.

32.    Ms. Vandenberg's misuse of law enforcement resources for political gain constitutes an abuse of her official position and is an infringement upon Plaintiffs' constitutionally protected rights.

---

[1] 1st instance of UCSO as tool of VOM political intimidation – from about 35:50 to 38:00
-    https://www.youtube.com/live/w-QTOCn2OaE?si=ogiONz-xUldsWE63&t=2149
2nd instance of UCSO as tool of VOM political intimidation – from about 1:12:48 to 1:19:00 -
https://youtu.be/M1KH9pyi9ls?si=kqlrBkj9hBSaY4An&t=4369

3

## Collusion between the HOA and Defendants

33. By February 28, 2024, Plaintiffs had mobilized efforts to stop the Public Trail Project and seek the removal of HOA board members who continue to support the Public Trail Project.

34. In support of her mobilization efforts, Ms. Comiskey emailed to Ms. Vandenberg a private list of names (the "Opposition List") of homeowners in Marvin Creek (the "Owners") who also opposed the Public Trail Project.

35. Ms. Comiskey's purpose in providing Ms. Vandenberg with the Opposition List was to rebut VOM's position that there was no community opposition to the Public Trail Project.

36. Ms. Comiskey assumed that Ms. Vandenberg would not use the Opposition List for political gain.

37. On March 1, 2024, Ms. Vandenberg forwarded the Opposition List from her VOM account to her personal email, and then 35 seconds later to an HOA board member (the "Board Member") (the "Political Adversary Email").

38. The Political Adversary Email was reasonably calculated to assist the Board Member in thwarting Plaintiffs' attempts to stop the Public Trail Project and further Ms. Vandenberg's political agenda.

## Noncompliance with Public Records Laws

39. Throughout the year of 2024, Plaintiffs submitted multiple requests for public records which relate to the Easement and the Public Trail Project from VOM.

40. VOM still has not provided many of the requested records which they are legally obligated to provide to Plaintiffs pursuant to Plaintiffs' lawful requests.

41. Upon information and belief, VOM, pursuant to Ms. Vandenberg's influence and guidance, has intentionally prevented Plaintiffs from obtaining public records pertaining to the Easement and the Public Trail Project.

42. For example, upon information and belief, documents exist within the custody and control of VOM that pertain to the legal opinion (the "Legal Opinion") upon which VOM relies to justify the approval of the Public Trail Project. However, no such documents have ever been produced by VOM.

43. Defendants have asserted a claim of attorney-client privilege to justify withholding documents related to the Legal Opinion.

44. Despite VOM's assertion of attorney-client privilege, Ms. Vandenberg publicly cited the Legal Opinion in response to direct questions about the Public Trail Project's legality and the basis upon which the VOM Council should vote to approve the Public Trail Project.

4

45. Upon information and belief, Ms. Vandenberg cited the Legal Opinion to persuade the VOM Council to vote to approve the Public Trail Project.

46. Upon information and belief, the VOM Council unanimously voted to approve the Public Trail Project in reliance upon the Legal Opinion and Ms. Vandenberg's statements.

47. Ms. Vandenberg's public citation and use of the Legal Opinion to successfully persuade the VOM Council constitute a waiver of the attorney-client privilege under North Carolina law.

**The Facebook Post**

48. In the fall of 2024, Mr. Comiskey engaged in settlement negotiations with VOM's attorney in an effort to avoid litigation over VOM's violation of Plaintiffs' Negative Easement.

49. These negotiations culminated in Mr. Comiskey emailing a settlement offer (the "Settlement Offer") to VOM's attorney and to the VOM Council on October 29, 2024.

50. Upon information and belief, as of November 1, 2024, no other parties had knowledge of nor access to the Settlement Offer.

51. On November 1, 2024, the Board Member submitted a public information request to VOM seeking all emails sent by Mr. Comiskey to VOM between October 28, 2024, and November 1, 2024.

52. Upon information and belief, the Board Member's submission of the public information request was done at the behest of Ms. Vandenberg.

53. Upon information and belief, VOM, under Ms. Vandenberg's influence, fulfilled this public information request the same day, an unusually expedited response time which suggests Ms. Vandenberg's coordination with the Board Member.

54. The emails disclosed pursuant to this public information request included the Settlement Offer.

55. In addition, on November 2, 2024, Ms. Vandenberg also forwarded the Settlement Offer to her husband, Mike Vandenberg ("Mr. Vandenberg"), who had been publicly criticizing Plaintiffs' efforts to stop the Public Trail Project.

56. Later that same day, the Marvin Messenger, a Facebook page, published a portion of the Settlement Offer and accused Plaintiffs of extortion, and misrepresented the contents of the Settlement Offer (the "Facebook Post").

57. Upon information and belief, Mr. Vandenberg had provided the Settlement Offer to the author of the Facebook Post.

5

58. Upon information and belief, Ms. Vandenberg knew or should have known that forwarding the Settlement Offer to her husband would result in the publication of the Facebook Post.

59. Upon information and belief, Ms. Vandenberg's forwarding of the Settlement Offer to her husband was for the purpose of retaliating against Plaintiffs for their lawful opposition to the Easement and the Public Trail Project.

60. Upon information and belief, in addition to retaliation, Ms. Vandenberg intended to improperly influence the outcome of the HOA special meeting that was to take place the following week.

## FIRST CAUSE OF ACTION
### Declaratory Relief
*(Plaintiffs v. All Defendants)*

61. The preceding allegations are incorporated as if fully set forth herein.

62. Plaintiffs own a home within Marvin Creek, a planned community governed by the CCRs, which explicitly prohibit any action that would make public use of HOA Private Property.

63. Plaintiffs' Negative Easement guarantees that the HOA Private Property must remain restricted to private use and be free from public development.

64. The Public Trail Project violates the CCRs and Plaintiffs' Negative Easement.

65. Pursuant to N.C. Gen. Stat. § 1-253, Plaintiffs are entitled to a declaratory judgment that:

   a. The purported Easement granted by the HOA to VOM was void from its inception and remains void; and

   b. Plaintiffs' Negative Easement prohibits the use of the HOA Private Property for the Public Trail Project.

## SECOND CAUSE OF ACTION
### Defamation
*(Plaintiffs v. All Defendants)*

66. The preceding allegations are incorporated as if fully set forth herein.

67. Mr. Comiskey is a reputable and accomplished attorney who holds licenses to practice in several states.

68. Ms. Comiskey is a stay-at-home mother.

6

69. Upon information and belief, Ms. Vandenberg provided the Settlement Offer to Mr. Vandenberg with the intent that he would provide it to the author of the Facebook Post.

70. Upon information and belief, Ms. Vandenberg knew or should have known that the author of the Facebook Post would use the Settlement Offer as the basis of the Facebook Post.

71. The Facebook Post explicitly identifies Plaintiffs.

72. The Facebook Post was published online and made accessible to the public on November 2, 2024.

73. A true copy of the Facebook Post is attached hereto as **Exhibit A**.

74. The Facebook Post is defamatory per se.

75. The Facebook Post has subjected Plaintiffs to public ridicule, contempt, and disgrace.

76. The accusations asserted in the Facebook Post were and remain demonstrably false.

77. Plaintiffs' reputations have been unjustly tarnished due to the Facebook Post.

78. Upon information and belief, Mr. Vandenberg and the author of the Facebook Post were acting as Ms. Vandenberg's agents.

79. Upon information and belief, Mr. Vandenberg, the author of the Facebook Post, and Ms. Vandenberg entered into a civil conspiracy to defame Plaintiffs.

80. As a direct and foreseeable result of Defendants' actions in intentionally causing the Facebook Post to be published, Plaintiffs have been damaged in an amount exceeding $25,000.

81. The actions of Defendants were willful, wanton, and reckless, entitling Plaintiffs to an award of punitive damages pursuant to Chapter 1D of the North Carolina Rules of Civil Procedure, in a sum to be proven at trial.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
*(Plaintiffs v. Ms. Vandenberg)*

82. The preceding allegations are incorporated as if fully set forth herein.

83. Plaintiffs have suffered significant emotional distress as a result of Ms. Vandenberg's actions, which have created a hostile and adversarial environment in both their neighborhood and community.

7

84. Plaintiffs have been subjected to public ridicule, hostility, and isolation within their community, all of which were foreseeable consequences of Ms. Vandenberg's actions.

85. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally engage in a coordinated campaign of harassment, intimidation, and defamation aimed at Plaintiffs.

86. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally influence VOM to prevent Plaintiffs from obtaining public records to which Plaintiffs were legally entitled.

87. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally influence VOM to expedite production of records which were adverse to Plaintiffs' position to the Board Member.

88. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally cause Plaintiffs to be publicly and falsely accused of extortion.

89. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to attempt to discredit and intimidate Plaintiffs via the improper use of the UCSO.

90. Ms. Vandenberg has repeatedly engaged in actions which were intentionally and reasonably calculated to thwart Plaintiffs' exercise of their First Amendment rights.

91. Ms. Vandenberg, utilizing her position as mayor pro tempore, has repeatedly engaged in actions which were likely to cause Plaintiffs severe emotional distress.

92. Upon information and belief, Ms. Vandenberg's actions were intentional.

93. Ms. Vandenberg's actions, particularly in light of her position as mayor pro tempore, have been extreme and outrageous.

94. Plaintiffs did in fact, and continue to, suffer severe emotional distress as a direct and foreseeable result of Ms. Vandenberg's actions.

95. As a direct and foreseeable result of Ms. Vandenberg's intentional and extreme and outrageous conduct, Plaintiffs have been damaged in an amount exceeding $25,000.

96. The actions of Defendants were willful, wanton, and reckless, entitling Plaintiffs to an award of punitive damages pursuant to Chapter 1D of the North Carolina Rules of Civil Procedure, in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION
### Violation Of Open Governance Laws
*(Plaintiffs v. All Defendants)*

97. The preceding allegations are incorporated as if fully set forth herein.

8

98.     Defendants violated North Carolina's Open Meetings Law (N.C. Gen. Stat. §§ 143-318.9 et seq.) and Public Records Law (N.C. Gen. Stat. §§ 132-1 et seq.) through a series of secretive and improper actions to promote the Public Trail Project.

99.     On March 1, 2024, Ms. Vandenberg forwarded the Political Adversary Email to the Board Member.

100.    Plaintiffs submitted lawful public records requests on multiple occasions to obtain information about the Public Trail Project and related communications.

101.    Defendants delayed any response to Plaintiffs' lawful requests, imposed unreasonable review timelines, and improperly invoked attorney-client privilege to shield critical information.

102.    In contrast, Defendants expedited public records requests from political allies, including a November 1, 2024 request by the Board Member seeking emails from Mr. Comiskey. This request was fulfilled the same day and included sensitive communications, such as the Settlement Offer.

103.    During public meetings, Defendants relied upon a legal opinion to justify the Easement's legality, while simultaneously invoking attorney-client privilege to withhold the opinion from public scrutiny.

104.    Defendants' refusal to disclose the legal authority upon which they relied constitutes secret lawmaking and undermines public accountability.

105.    Defendants' actions deprived Plaintiffs of their right to participate in transparent governance and obstructed their ability to protect their property rights.

106.    Plaintiffs are entitled to an order requiring Defendants to disclose all communications and records related to the Easement and Public Trail Project.

## FIFTH CAUSE OF ACTION
### Violation of the First Amendment (42 U.S.C. § 1983)
*(Plaintiffs v. All Defendants)*

107.    The preceding allegations are incorporated as if fully set forth herein.

108.    Ms. Vandenberg's improper use of UCSO to discredit Ms. Comiskey's factual crime-reporting further contributed to the chilling effect on Plaintiffs' exercise of their free speech rights.

109.    Plaintiffs' rights to voice their opinions regarding the Easement and the Public Trail Project are protected by the First Amendment of the United Stated Constitution.

9

110. At no time did Plaintiffs threaten violence or otherwise engage in speech or protest regarding the Easement and the Public Trail Project which was not protected by the First Amendment.

111. Upon information and belief, Defendants purposefully engaged in a number of actions reasonably calculated to chill Plaintiffs' First Amendment rights, including but not limited to:

   a. Responding in an unusually expeditious manner to a planted and targeted request for records made by the Board Member which was reasonably calculated to assist the Board Member in thwarting Plaintiffs' attempts to stop the Public Trail Project and further Ms. Vandenberg's political agenda;

   b. Intentionally postponing or outright refusing to respond to Plaintiffs' lawful requests for records;

   c. As to Ms. Vandenberg, publishing the Settlement Offer with the knowledge and intent that the information would be used to defame Plaintiffs and thus harm their standing within the community and ultimately keep Plaintiffs from protecting their property rights; and

   d. As to Ms. Vandenberg, calling upon law enforcement officers to be present at the February 22, 2024 and March 28, 2024 meetings solely for the purpose of discrediting and intimidating Plaintiffs from engaging in further political speech that Defendants oppose.

112. Defendants' actions constituted state action.

113. Upon information and belief, Defendants' actions were motivated entirely or almost entirely by Plaintiffs' lawful opposition to the Easement and to the Public Trail Project.

114. Defendants' actions caused Plaintiffs to suffer injuries which are likely to chill a person of ordinary firmness from continuing to engage in their First Amendment rights.

115. Defendants' actions did in fact cause Plaintiffs to suffer injuries that have chilled Plaintiffs from continuing to engage in their First Amendment rights.

116. Defendants' actions were undertaken under color of state law.

117. As a result of Defendants' continued violation of Plaintiffs' First Amendment rights, Plaintiffs have been damaged in an amount exceeding $25,000.

10

# SIXTH CAUSE OF ACTION
## Civil Conspiracy to Violate Plaintiffs'
## First Amendment Rights
### (42 U.S.C. § 1983)
*(Plaintiffs v. All Defendants)*

118.   The preceding allegations are incorporated as if fully set forth herein.

119.   Upon information and belief, Defendants have regularly communicated with one another since January 2024 regarding the Easement and the Public Trail Project.

120.   Upon information and belief, Defendants are both motivated by the political consequences of successfully completing the Public Trail Project.

121.   Upon information and belief, Ms. Vandenberg was motivated to ensure that the HOA retains certain board members whom she knew would support the Easement and the Public Trail Project despite the community's general opposition.

122.   Upon information and belief, Ms. Vandenberg, using her influence as mayor pro tempore, engaged and continues to engage with VOM and others to stifle lawful opposition to the Easement and the Public Trail Project.

123.   Upon information and belief, VOM has intentionally worked together with Ms. Vandenberg to stifle lawful opposition to the Easement and the Public Trail Project.

124.   Defendants were at all relevant times aware of Plaintiffs' efforts to exercise their First Amendment rights to question the legality of the Easement and of the Public Trail Project.

125.   Upon information and belief, Defendants conspired and/or entered into an agreement with one another, and with HOA board members, to take certain overt actions in furtherance of their intentions to chill Plaintiffs' First Amendment rights, including:

   a.   Responding in an unusually expeditious manner to a planted and targeted request for records made by the Board Member which was reasonably calculated to assist the Board Member in thwarting Plaintiffs' attempts to stop the Public Trail Project and further Ms. Vandenberg's political agenda;

   b.   Intentionally postponing or outright refusing to respond to Plaintiffs' lawful requests for records;

   c.   As to Ms. Vandenberg, publishing the Settlement Offer with the knowledge and intent that the information would be used to defame Plaintiffs and thus harm their standing within the community and ultimately keep Plaintiffs from protecting their property rights; and

11

d.  As to Ms. Vandenberg, calling upon law enforcement officers to be present at the February 22, 2024 and March 28, 2024 meetings solely for the purpose of discrediting and intimidating Plaintiffs from engaging in further political speech that Defendants oppose.

126.  As a result of Defendants' conspiracy to violate Plaintiffs' First Amendment rights, Plaintiffs have been damaged in an amount exceeding $25,000.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

127.  The preceding allegations are incorporated as if fully set forth herein.

128.  Pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Plaintiffs seek both a temporary restraining order and a preliminary injunction to maintain the status quo between the parties.

129.  Defendants' actions have already caused irreparable harm to Plaintiffs, including unauthorized public access, diminished privacy, and reports of vagrancy and trespass on HOA Private Property.

130.  The Easement is void.

131.  The CCRs prohibit public use of the HOA Private Property.

132.  Since January 2024, neither the HOA nor Defendants have presented a colorable justification for circumventing the clear language of the CCRs.

133.  Plaintiffs are thus substantially likely to succeed on the merits.

134.  The portion of the HOA Private Property identified in the Easement directly abuts Plaintiffs' property.

135.  The Easement and the trail which Defendants intend to build upon it would decrease Plaintiffs' privacy and relative security within their property.

136.  The Easement and the Public Trail Project have had and would continue to have a severe negative effect upon Plaintiffs' quiet enjoyment of their property.

137.  Plaintiffs' Negative Easement prohibits public use of the HOA Private Property.

138.  Despite demands that they do so, Defendants have refused to discontinue the Public Trail Project.

139.  Upon information and belief, Defendants are in the process of receiving bids from contractors in order to develop the Public Trail Project.

12

140. Plaintiffs will be irreparably harmed by the completion of the Public Trail Project.

141. Plaintiffs move the Court for an order enjoining the development of the Public Trail Project during the pendency of this action.

WHEREFORE, Plaintiffs pray unto this Court for the following relief:

1. For a temporary restraining order enjoining further development of the Public Trail Project.

2. For a preliminary injunction enjoining further development of the Public Trail Project.

3. For a declaration that the Easement granted by the HOA to VOM was void from its inception and remains void;

4. For a declaration that Plaintiffs' Negative Easement prohibits the use of the HOA Private Property for the Public Trail Project.

5. For an order requiring Defendants to disclose all communications and records related to the Easement and Public Trail Project.

6. That Plaintiffs have and recover compensatory damages from Defendants in an amount to be determined at trial, but which in any event exceeds $25,000;

7. For an award of punitive damages in a sum to be proven at trial;

8. For an award of attorneys' fees, as allowed by law;

9. That the costs be taxed to Defendants;

10. For a jury trial on all issues so triable; and

11. For such other and further relief as the Court deems just and proper.

Benjamin J. Axelman
David G. Redding
TLG Law
2907 Providence Road, Suite 303
Charlotte, NC 28211
T: 704-612-2128

13

F: 704-626-6552
baxelman@tlg-law.com
dredding@tlg-law.com

## **VERIFICATION**

I, Chris Comiskey, being first duly sworn, depose and say that I am the Plaintiff in this matter, that I have read the foregoing Complaint and know the same to be true, and as to any matter or thing alleged upon information and belief, I believe it to be true.

This the 24th day of January, 2025.

_____
Chris Comiskey

Sworn to and subscribed before me

This the 24th day of January , 2025.

SEAN A MCLEOD _____
NOTARY PUBLIC
My commission Expires: May 18 2-27

Sean A. McLeod
NOTARY PUBLIC
Mecklenburg County
North Carolina
My Commission Expires May 18, 2027

15

# EXHIBIT A



**Marvin Messenger**
11h · 👥

To all Village of Marvin taxpayers: We would like to inform you about an individual attempting to use litigation to extort money from the town or to pressure the local government into meeting personal demands. This individual's actions would misuse taxpayer dollars on baseless claims, setting an unfortunate precedent. The Village of Marvin does not have $3 million to meet this demand—this would have to come from residents, amounting to approximately $500 per person in our community of 6,000. Do you want your tax dollars supporting this kind of conduct? This person seeks to influence Marvin's decisions for personal gain, from targeting elected officials to pushing personal neighborhood concerns, without credible evidence of harm or wrongdoing.



👍 Like          💬 Comment          ↪ Send

📷  Write a comment...    🖼️ 😀 GIF ☺

STATE OF NORTH CAROLINA

COUNTY OF UNION

CHRIS COMISKEY and VICTORIA
COMISKEY,

     *Plaintiffs,*

vs.

VILLAGE OF MARVIN and KIM
VANDENBERG,

     *Defendants.*

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV000445-890


**AFFIDAVIT OF SERVICE**

The undersigned certifies:

    1.    I am an attorney with TLG Law, attorney of record for the Plaintiffs in the above-entitled action.

    2.    That I served a copy of the Summons and filed Complaint upon Defendant Village of Marvin at their registered address on January 28, 2025: 10006 Marvin School Road, Marvin, NC 28173 via FedEx, and that Defendant signed for the same. A copy of the mailing and receipt for delivery is attached hereto as **Exhibit A**.

    THIS the 28th day of January, 2025.

**TLG Law**

Benjamin Axelman
David Redding
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Telephone/Fax: (704) 900-2215
baxelman@tlg-law.com
dredding@tlg-law.com
*Attorneys for the Plaintiffs*

[NOTARIZATION PAGE BELOW]

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

SWORN TO AND SUBSCRIBED before me
this 28th day of January , 2025.

_Caitlin M. Gosselin_
Notary Public
My commission expires: 6/12/2027

SEAL



2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **AFFIDAVIT OF SERVICE** was served upon all

parties of record via email and fax addressed as follows:

Jake Stewart

Cranfill Sumner LLP

2907 Providence Road, Suite 200

Charlotte, NC 28211

Email: jstewart@cshlaw.com

Fax: 704-831-5514

*Attorney for Defendants*

THIS the 28th day of January, 2025.

Benjamin Axelman



January 28, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 771702831634

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Receptionist/Front Desk |
| **Signed for by:** | J.G. | **Delivery Location:** | 10006 MARVIN SCHOOL RD |
| **Service type:** | FedEx 2Day | | |
| **Special Handling:** | Deliver Weekday;<br>Adult Signature Required | | MARVIN, NC, 28173 |
| | | **Delivery date:** | Jan 28, 2025 10:56 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 771702831634 | **Ship Date:** | Jan 27, 2025 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Village of Marvin,
10006 Marvin School Rd.
MARVIN, NC, US, 28173

**Shipper:**
David Redding, TLG LAW
2907 Providence Road
Suite 303
CHARLOTTE, NC, US, 28211



**EXHIBIT**

A

Thank you for choosing FedEx.

STATE OF NORTH CAROLINA

COUNTY OF UNION

CHRIS COMISKEY and VICTORIA
COMISKEY,

     Plaintiffs,

v.

VILLAGE OF MARVIN and KIM
VANDENBERG,

     Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV000445-590

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will bring Plaintiffs' Motion for Temporary Restraining Order on for hearing before the Court on February 10, 2025 at 10:00 a.m., or shortly thereafter, in Courtroom 7 of the Union County Courthouse, located at 400 North Main Street, Monroe, North Carolina 28112

This the 31st day of January, 2025.

**TLG Law**

Benjamin J. Axelman
David G. Redding
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Tel. & Fax: (704) 900-2215
baxelman@tlg-law.com
dredding@ tlg-law.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **NOTICE OF HEARING** was served upon all parties or their counsel of record by depositing a copy of the same in the United States mail, postage paid and addressed as follows:

Jake Stewart
Cranfill Sumner LLP
2907 Providence Road, Suite 200
Charlotte, NC 28211
Email: jstewart@cshlaw.com
Fax: 704-831-5514
*Counsel for Defendant Village of Marvin*

Kim Vandenberg
806 Capington Lane
Marvin, NC 28173
*Defendant*

This the 31st day of January, 2025.

_____
Benjamin J. Axelman