UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
WDNC Civil Action No. 3:25-cv-00087

| CHRIS COMISKEY and VICTORIA COMISKEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | **BRIEF IN SUPPORT OF DEFENDANT'S** |
| v. | ) | **MOTION TO DISMISS** |
|  | ) |  |
| VILLAGE OF MARVIN and KIM VANDENBERG | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the Court on Defendant's, Village of Marvin, (hereinafter "Defendant" or the "Village") Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants, by and through their undersigned counsel of record, respectfully submit this Brief in support of their Motion to Dismiss and respectfully request that their Motion be granted.

## NATURE OF THE CASE

Chris Comiskey and Victoria Comiskey ("Plaintiffs" or "Mr. Comiskey" and "Ms. Comiskey") filed a Complaint against Defendants in Union County Superior Court on January 24, 2025. (D.E. 1-1). A copy of the Summons and Complaint was mailed to the Village of Marvin on January 28, 2025. On February 5, 2025, the Village removed the above-captioned action from state court to the Western District of North Carolina. (D.E. 1). Plaintiffs' Complaint seeks damages, injunctive relief and declaratory relief, and alleges six causes of action: (1) Declaratory Relief against both Defendants; (2) Defamation against both Defendants; (3) Intentional Infliction of Emotional Distress against Defendant Vandenberg; (4) Violation of Open Governance Laws against both Defendants; (5) Violation of First Amendment Rights

against both Defendants; and (6) Civil Conspiracy to Violate Plaintiffs' First Amendment Rights against both Defendants. (D.E. 1-1). On February 6, 2025, this court issued an Order remanding Plaintiffs' Declaratory Judgment action back to state court. (D.E. 2). The Order also instructed the parties to submit their respective positions as to whether the federal claims should be stayed pending judicial resolution of the claims in state court. (*Id.*). Both parties submitted their respective positions as to a stay. (D.E. 7, 8). To date, Defendant Kim Vandenberg, (hereinafter "Ms. Vandenberg") has not been served. Defendant now moves to Dismiss Plaintiffs' Complaint as to the remaining causes of action against them.

## STATEMENT OF FACTS

Plaintiffs are husband and wife who live in the Marvin Creek subdivision, located in the Village of Marvin (the "Village"). (D.E. 1-1 ¶¶ 6-7). In November of 2023, the Marvin Creek HOA purported to grant an easement (the "Easement") to the Village for the purpose of constructing a public trail (the "Public Trail Project"). (*Id.* at ¶¶ 15-16). Plaintiffs allege the HOA covenants, conditions, and restrictions ("CCRs") prohibit the granting of the Easement and that they have the right to restrict such use through their negative easement. (*Id.* at ¶¶ 8, 10-13). In February of 2024, Plaintiffs began to notify both Defendants that the CCRs prohibited the HOA from granting the Easement. (*Id.* at ¶ 18). In response, Plaintiffs allege Ms. Vandenberg, mayor pro tempore, initiated and continued a pattern of behavior and actions calculated to retaliate against and suppress Plaintiffs' objection to the Easement. (*Id.* at ¶ 21).

Specifically, Plaintiffs allege Ms. Vandenberg misused the Union County Sheriff's Office to intimidate and discredit Ms. Comiskey for sharing crime information near trails in February and March of 2024. (*Id.* at ¶¶ 22-23). In weeks prior, Ms. Comiskey presented crime data obtained from a Union County Sheriff officer, Detective Trull. (*Id.* at ¶¶ 24-25). It is alleged Ms.

Vandenberg and her associates called upon Union County Sheriff officers to appear at subsequent public meetings to rebut and discredit Ms. Comiskey's reporting. (*Id.* at ¶ 26). It is specifically alleged Defendants cajoled Union County Sheriff officers to falsely state there is "no evidence" that criminals who committed break-ins used the wooded trail Defendants intend to connect to the Marvin Creek Easement. (*Id.* at ¶ 28).

Plaintiffs allege Ms. Vandenberg engaged in collusion with the HOA when she received an email from Ms. Comiskey containing the names of homeowners within the HOA who opposed the Public Trail Project and shared that email to an HOA board member. (*Id.*, at ¶¶ 33-37). Plaintiffs allege the email was calculated to assist the HOA board member in thwarting Plaintiffs attempts to stop the Public Trail Project and further Ms. Vandenberg's political agenda. (*Id.* at ¶ 38).

Throughout 2024, Plaintiffs submitted multiple public records requests to the Village related to the Easement and Public Trail Project. (*Id.* at ¶ 39). Plaintiffs allege the Village has failed to provide many of the requested records they are legally obligated to provide. (*Id.* at ¶ 40). Plaintiffs allege upon information and belief that Ms. Vandenberg has influenced the Village to prevent Plaintiff from obtaining the public records requested. (*Id.* at ¶ 41). Specifically, Plaintiffs claim they are entitled to a legal opinion upon which the Village relied upon in approving the Public Trail Project. (*Id.* at ¶ 42). Plaintiffs allege the legal opinion is not protected by attorney-client privilege because Ms. Vandenberg cited to the opinion in response to questions about the Trail's legality and the Village relied upon the legal opinion in voting to approve the Public Trail Project. (*Id.* at ¶¶ 43-47).

Mr. Comiskey emailed a settlement offer to the undersigned and the Village Council on October 29, 2024. (*Id.* at ¶ 49). An HOA board member submitted a public records request

seeking all emails sent by Mr. Comiskey to the Village between October 28, 2024, and November 1, 2024. (*Id.* at ¶ 51). Plaintiffs contend this request was done at the behest of Ms. Vandenberg and that the Village fulfilled this request in an expedited manner. (*Id.* at ¶¶ 52-53). On November 2, 2024, Ms. Vandenberg forwarded the settlement offer from Mr. Comiskey to her husband, who Plaintiffs allege was publicly criticizing their efforts to stop the Public Trail Project. (*Id.* at ¶ 55). Later that day, Marvin Messenger, a Facebook page, published a portion of the settlement offer and accused Plaintiff of "attempting to use litigation to extort money from the town…" (*Id.* at ¶ 56, and Ex. A). Plaintiffs allege Ms. Vandenberg knew or should have known that forwarding the settlement offer to her husband would result in publication on Facebook and that she forwarded the offer in an attempt to retaliate against Plaintiffs and influence the outcome of the HOA special meeting taking place the following week. (*Id.* at ¶¶ 58-60).

## **LEGAL STANDARD**

The Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quotation omitted). Indeed, as explained by this Court:

> The moving party should prevail on a motion to dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. Moreover, on a factual challenge to the court's subject matter jurisdiction, the Court is not limited to the four corners of the Complaint and is free to weigh evidence and determine its power to hear the case.

4
Case 3:25-cv-00087-KDB-DCK    Document 12    Filed 03/14/25    Page 4 of 19
4908-8902-5063, v. 1

*Davis v. Am. Airlines*, No. 3:19-CV-44-MOC-DSC, 2019 WL 2719909, at *3 (W.D.N.C. June 28, 2019) (internal citations and quotations omitted), *aff'd sub nom. Davis v. Am. Airlines, Inc.*, 792 F. App'x 265 (4th Cir. 2020), *cert. denied,* 141 S. Ct. 256, 208 L. Ed. 2d 27 (2020).

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued properly and served before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). When process or service of process is deficient and personal jurisdiction is lacking, a case must be dismissed under Rule 12(b)(2). *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate." *N.C. ex rel. Ayers v. Sellers*, No. 2:06-CV-4, 2006 WL 8456119, at *1 (W.D.N.C. Sept. 6, 2006), *report and recommendation adopted*, No. 2:06-CV-4, 2006 WL 3390638 (W.D.N.C. Nov. 22, 2006) (citation omitted).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Further, a claim must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556-557).

The courts do not accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Doe v. U.S.*, 381 F. Supp. 3d 573, 590 (M.D.N.C. 2019) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

"Even though matters outside the pleadings are generally not considered on a Rule 12(b)(6) motion," *see* Fed. R. Civ. P. 12(d); *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), "the court can consider 'documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice' without converting a motion to dismiss into one for summary judgment." *Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp. 3d 568, 573 (M.D.N.C. 2019) (quoting *Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536 (M.D.N.C. 2013)).

## LEGAL ARGUMENT

I. **Plaintiffs' Failed to Serve the Village in Accordance with Rule 4 of the Federal Rules of Civile Procedure.**

Pursuant to Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure and Rule 4(j)(5)(a) of the North Carolina Rules of Civil Procedure, a Village is properly served when a copy of the summons and complaint are delivered to the mayor, city manager, or clerk. Here, a summons and complaint were sent to the Village, which does not comply with the Federal or North

Carolina Rules of Civil Procedure. (D.E. 1-1, pp. 19-22). Plaintiff has since served a summons on the Village Clerk. (Ex. 1).

## II. The Village is Entitled to Governmental Immunity

"In North Carolina, governmental immunity serves to protect a municipality, as well as its officers or employees who are sued in their official capacity, from suits arising from torts committed while the officers or employees are performing a governmental function." *Fullwood v. Barnes,* 250 N.C.App. 31, 37 (2016). Sovereign or governmental immunity is a common law theory or defense established by North Carolina courts to protect a sovereign or state and its agents from suit. *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 681, 529 S.E.2d 458, 460 (2000). Specifically, "[a] municipality and its agents are immune from liability for the torts of its officers and employees 'if the torts are committed while they are performing a governmental function.'" *Clayton v. Branson*, 153 N.C. App. 488, 493, 570 S.E.2d 253, 256-57 (2002).

As noted above, North Carolina municipalities enjoy governmental immunity from state common-law tort claims arising out of their performance of governmental, as opposed to proprietary functions. *Patrick v. Wake Cnty. Dep't of Human Servs.,* 188 N.C.App. 592, 655 S.E.2d 920, 923 (2008). Absent an allegation of waiver of immunity, a complaint fails to state a cause of action. *Warren v. Guilford County*, 129 N.C.App. 836, 500 S.E.2d 471 (1998). A Plaintiff is required to allege and prove that Defendants have waived their immunity or otherwise consent to the suit. *Sellers v. Rodriguez*, 149 N.C.App. 619, 623 (2002). A failure to plead waiver of immunity constitutes a failure to state a claim. *Id.*

Here, Plaintiffs' have failed to allege or prove that the Vilalge has waived its immunity. Therefore, Plaintiffs' claims for defamation and civil conspiracy are barred by governmental

4908-8902-5063, v. 1

immunity. See *Kline v. Cleveland County*, No. 1:19-cv-197-MOC-WCM, 2020 WL 7264463, at *3 (W.D.N.C. 2020) (Court held that governmental immunity is an absolute bar to claims of defamation and civil conspiracy).

### III. Plaintiffs have Failed to State a Claim for Defamation.

Plaintiffs allege Defendants are liable for defamation based upon a Facebook post from "Marvin Messenger." (D.E. 1-1, ¶¶ 66-81). Specifically, Plaintiffs allege Ms. Vandenberg provided Mr. Comiskey's settlement demand[1] to her husband and then someone posted the demand on Facebook with a comment that stated the demand was an attempt to use litigation to extort money from the Village. (D.E. 1-1, ¶¶ 69-72, and Ex. A).

Plaintiffs have not identified any allegedly defamatory comments made by Defendants. Instead, Plaintiffs purport to hold Defendants liable for a social media post from an unknown, unidentified individual who posts under the name Marvin Messenger on the basis that this individual was acting as an agent of Ms. Vandenberg. (D.E. 1-1, ¶ 78). Such allegations are speculative and conclusory and insufficient to attach liability to Defendants. Plaintiffs only basis to support their allegations that the individual who posted on social media is an agent of Ms. Vandenberg is the fact that she shared Plaintiffs' settlement demand (a public record) with her husband. (D.E. 1-1, ¶ 69). Plaintiffs have not identified any communication between Defendants and the individual who posted on Facebook, any relationship between them, or even the identity of Marvin Messenger. Even if Ms. Vandenberg provided the settlement demand to her husband who then provided the demand to the individual who posted on Facebook, Plaintiffs have failed to allege any facts to support how Defendants knew or should have known that the author would suggest Mr. Comiskey was attempting to extort the Village. Plaintiffs' Complaint must "contain

---

[1] Mr. Comiskey made his settlement demand a public record when he sent it to the Village Council. (D.E. 1-1, ¶ 49).

more than 'labels and conclusions'; it must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013) (quoting *Twombly,* 550 U.S. at 570). These allegations do not bring Plaintiff's claim from plausible to probable and fail to state a claim. *Iqbal*, 556 U.S. at 678.

The first three elements of a defamation claim are that the statement(s) were (1) false, (2) defamatory, and (3) of or concerning Plaintiffs. *Boyce & Isley, PLLC v. Cooper*, 153 N.C.App. 25, 29, 568 S.E.2d 893, 897 (2002). If a statement "cannot 'reasonably [be] interpreted as stating actual facts' about an individual" it cannot be the subject of a defamation suit. *Daniels v. Metro Magazine Holding Co., LLC*, 179 N.C.App. 533, 539, 634 S.E.2d 586, 590 (2006) (*quoting Hustler Magazine v. Falwell*, 485 U.S. 46, 50, 108 S.Ct. 876, 879, 99 L.Ed.2d 41, 48 (1988)). When considering whether a statement could reasonably be interpreted as stating an actual fact about an individual, "courts look to circumstances in which the statement is made." *Daniels*, 179 N.C.App. at 539, 634 S.E.2d at 590 (citing *Milkovich v. Lorain Jornal Co.*, 497 U.S. 1, 21, 110 S.Ct. 2695, 2707, 111 L.Ed.2d 1, 19 (1990)). The *Daniels* Court explained "[s]pecifically, we consider whether the language used is 'loose, figurative, or hyperbolic language,' as well as the 'general tenor of the article.'" *Id.* at 540, 634 S.E.2d at 590 (quoting *Milkovich*, 497 U.S. at 21, 110 S.Ct. at 2707).

When determining whether an individual makes a defamatory statement, courts have looked to whether the statement could be interpreted as stating a fact about someone. *Daniels,* 179 N.C.App. at 539, 634 S.E.2d at 590; *Hustler Magazine,* 485 U.S. at 50, 108 S.Ct at 879. For a statement to be defamatory, it must be a statement of fact, not opinion. *Lewis v. Rapp*, 220 N.C.App. 299, 306, 725 S.E.2d 597, 603 (2012). The content of the post in question is not defamatory. The post does not state facts about Plaintiffs, rather Mr. Comiskey's actions

9

4908-8902-5063, v. 1

regarding potential litigation are being criticized. North Carolina courts have "held consistently that alleged false statements made by defendant, calling plaintiff 'dishonest' or charging that plaintiff was untruthful and an unreliable employee, are not actionable *per se*." *Tallent v. Blake*, 57 N.C.App. 249, 253, 291 S.E.2d 336, 339-40 (1982).

Accusing Mr. Comiskey of attempting to use litigation to "extort money from the town or to pressure local government into meeting personal demands" while attaching a copy of Mr. Comiskey's settlement demand is not a statement of fact, but an opinion. When "the bases for the … conclusion are fully disclosed, no reasonable reader would consider the term anything but the opinion of the author drawn from the circumstances related." *Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 185 (4th Cir. 1998) (quoting *Chapin v. Knight-Ridder, Inc.*, 993, F.2d 1087, 1093 (4th Cir. 1993)); see also *Standing Comm. On Discipline v. Yagman,* 55 F.3d 1430, 1439 (9th Cir. 1995) ("A statement of opinion based on fully disclosed facts can be punished only if the stated facts are themselves false and demeaning."); *Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 730-31 (1st Cir. 1992) (when a statement provides factual bases for its conclusion, it is a "personal conclusion" rather than a statement of fact subject to a defamation claim). Here, the statement in question is a social media post commenting on Mr. Comiskey's settlement demand. (D.E. 1-1, Ex. A). Therefore, this case is analogous with those where an individual expresses a conclusion based upon facts that are disclosed.

Presumably, Plaintiffs intend to implicate the Village in the alleged defamation through a theory of respondeat superior. As noted above, there is no underlying tort of defamation, so respondeat superior liability cannot attach. "As a general rule, liability of a principal for the torts of its agent may arise in three situations: (1) when the agent's act is expressly authorized by the principal; (2) when the agent's act is committed within the scope of his employment and in

furtherance of the principal's business[;] or (3) when the agent's act is ratified by the principal." *Matthews v. Food Lion, LLC,* 205 N.C.App. 279, 281-82, 695 S.E.2d 828, 830 (2010). Plaintiffs' Complaint contains no allegations that the Village expressly authorized the alleged actions by Ms. Vandenberg, that Ms. Vandenberg's alleged actions were in furtherance of the Village's business, or that the Village ratified the alleged actions by Ms. Vandenberg. As such, the Village cannot be held liable for alleged defamation by its agent on a theory of respondeat superior.

Finally, any defamation claim by Ms. Comiskey must be dismissed as the Facebook post does not identify her in any capacity so it is unclear how anyone could conclude the post is referencing her.

### IV.     Plaintiffs have Failed to State a Claim for Violation of Open Governance Laws.

Plaintiffs allege Defendants violated open governance laws by violating N.C.G.S. §§ 143-318.9 et seq. and N.C.G.S. §§ 132-1 et seq. (D.E. 1-1, ¶ 98). Specifically, Plaintiffs allege Defendants delayed any response to their public records requests, imposed unreasonable review timelines, and improperly invoked attorney-client privilege, but expedited public records requests from political allies. (D.E. 1-1, ¶¶ 101-02). Plaintiffs also allege the Village improperly withheld a legal opinion, provided by the Village attorney, and should have disclosed said opinion because the opinion was relied upon to vote to approve the Public Trail Project. (D.E. 1-1, ¶¶ 44-46, 103-04).

There is no set time prescribed by North Carolina Statutes in which a municipality must respond to a public records request. Instead, municipalities are bound to allow review of public

records at reasonable times.  N.C.G.S. § 132-6(a).  Plaintiffs' allegations fail to allege facts sufficient to show any responses to public records requests were unreasonable.

Plaintiffs' allegations constitute bare and conclusory allegations, which fail to meet the plausibility standard set forth in *Twombly*. *Twombly*, 550 U.S. at 570.  Where claims are supported by only vague and conclusory allegations of wrongdoing, Plaintiffs fail to provide Defendants with the notice they are entitled to under Rule 8 of the Federal Rules of Civil Procedure. *Asanov v. Plekan*, No. 5:23-CV-310-M-KS, 2024 WL 1601204, at *4 (E.D.N.C. 2024). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  Plaintiffs broad allegations that Defendants have delayed or imposed unreasonable review times to their public records requests do not state a claim.  "[N]aked assertion[s] devoid of further factual enhancement" are subject to 12(b)(6) dismissal. *Iqbal*, 556 U.S. at 678.  Plaintiffs have not alleged what public records requests they have made, how long it took to respond to those requests, how many requests were made, or the reasons given for any delay or failure to produce requested documents.  Such a failure does not allow Defendants to adequately respond to the allegations since it is unclear which requests Plaintiffs claim were improperly responded to.  Similarly, without information about the requests and the alleged delays, the Court is unable to determine whether the Village's response was reasonable.

Next, Plaintiffs allege Defendants improperly withheld a legal opinion from production. Legal advice between the Village Council and their Village attorney is not a public record. N.C.G.S.A. §§ 132-1.1(a), 143-318.11(a)(3).  Plaintiffs allege that the information withheld is a legal opinion regarding the legality of the Public Trail Project. (D.E. 1-1, ¶ 44).  To the extent it

is in writing, a legal opinion regarding the legality of a Public Trail Project would constitute a writing made within the scope of the attorney-client relationship regarding potential litigation under N.C.G.S.A. § 132-1.1(a). Similarly, such an opinion made during a closed session would fall under attorney-client privileged communications pursuant to N.C.G.S.A. § 143-318.11(a)(3).

"[P]rivilege must be viewed in light of the traditional duties performed by attorneys…" *Multimedia Publishing of North Carolina, Inc. v. Henderson County*, 145 N.C.App. 365, 371, 550 S.E.2d 846, 851 (Ct.App. 2001). "[D]iscussions regarding the drafting, phrasing, scope and meaning of proposed enactments would be permissible during a closed session. Discussions regarding their constitutionality and possible legal challenges would likewise be so included." *Id.* In *Multimedia*, the Court held that discussions during closed session with the County attorney were privileged where the attorney explained the difference between two ordinances and then discussed the legality of an action. *Id.*, 145 N.C.App. at 372, 550 S.E.2d at 851. The matter in question here is a legal opinion on the legality of a project. Such communications clearly fall within the purview of attorney-client privileged communications, which is consistent with the holding in *Multimedia*.

Plaintiffs' Complaint alleges the Council relied upon the legal advice from their attorney in voting to approve the Public Trail Project. (D.E. 1-1, ¶ 46). Defendant is unaware of any legal authority that states attorney-client privilege does not apply where a Council member relies on legal advice to vote on a matter. Such a holding would be impractical and cut against the purpose of attorney-client privileged communications. If a party waived attorney-client privilege whenever relying upon it, there would be no purpose in protecting it in the first place.

V. **Plaintiffs have Failed to State a Claim for First Amendment Violations.**

The United States Supreme Court has held that a plaintiff may sue a municipality under § 1983 for a "federal constitutional deprivation only when the municipality undertook the allegedly unconstitutional action pursuant to an 'official policy' or 'custom'." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see also Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022) (quoting *Monell*, 436 U.S. at 690-91). Absent such a custom or policy, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee. *Monell* at 691. A viable *Monell* claim has two elements: (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom resulted in a violation of the plaintiff's constitutional rights. *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004). As such, Plaintiffs must demonstrate the Village's policies were the "moving force" behind the violation. *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037-38.

A policy or custom under *Monell* may arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

"Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). "The substantive requirements for proof of municipal liability are stringent." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

Plaintiffs are unable to meet their burden. Plaintiffs Complaint is devoid of allegations of any policies, customs, or practices resulting in violations of Plaintiffs' First Amendment rights under the Constitution. In support of their claim for violations of their First Amendment rights, Plaintiffs point to a number of actions allegedly taken by Ms. Vandenberg. (D.E. 1-1, ¶¶ 108, 111). "A municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* 436 U.S. at 691. See also *Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 F.App'x 279, 282 (4th Cir. 2009) (stating that "the principles of respondeat superior have no application to § 1983 claims").

In support of their First Amendment claims, Plaintiffs allege Defendants responded unusually fast to a public records request made by a citizen and postponed or refused to respond to Plaintiffs' lawful request for records. (D.E. 1-1, ¶¶ 111). Plaintiffs do not allege either of these actions are customs, practices, or policies. Plaintiffs bare and conclusory allegations fail to meet the plausibility standard set forth in *Twombly*. *Twombly*, 550 U.S. at 570. Finally, Plaintiffs may not rely upon the facts in this case to establish *Monell* liability. In *Monell*, the Supreme Court held that a custom may not arise out of a single incident. *Monell*, 436 U.S. at 691. The courts have ruled that only where a history of widespread abuse of constitutional rights exists can knowledge be imputed to a municipality. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983); *Milligan v. City of Newport News*, 743 F.2d 227 (4th Cir. 1984).

## VI. Plaintiffs Civil Conspiracy Claim is Barred.

Plaintiffs allege Defendants engaged in a civil conspiracy to violate their First Amendment Rights in violation of 42 U.S.C. § 1983. (D.E. 1-1, ¶¶ 118-126).

In order to establish a civil conspiracy claim under § 1983, Plaintiffs "must present evidence that [Defendants] acted jointly in concert and that some overt act was done in

furtherance of the conspiracy which resulted in [Plaintiffs'] deprivation of a constitutional right." *Hinkle v. City of Clarksburg. W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). There must be an underlying Constitutional deprivation in order to prevail on a conspiracy claim under § 1983. See *Nance v. City of Albemarle, North Carolina*, 520 F.Supp.3d 758, 801 (M.D.N.C. 2021) (Court dismissed a claim for § 1983 civil conspiracy where Plaintiffs "failed to plausibly allege" constitutional deprivations); *Byrd v. Hopson*, 265 F.Supp. 2d 594, 599 (W.D.N.C. 2003) (Under North Carolina law, "there is no independent cause of action for civil conspiracy; the claim can arise only where there is an underlying claim for unlawful conduct."); see also, e.g., *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984) ("[I]t remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient.").

As noted above, Plaintiffs have failed to sufficiently plead the Village violated their First Amendment rights. Therefore, Plaintiffs' claim of conspiracy to violate their First Amendment rights must necessarily fail. Even if Plaintiffs have sufficiently pled a claim under 42 U.S.C. § 1983 for violations under the First Amendment, their § 1983 civil conspiracy claim is barred by the intracorporate conspiracy doctrine.

"The intracorporate conspiracy doctrine recognizes that a corporation cannot conspire with its agents because the agents' acts are the corporation's own." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013). "The doctrine is applicable to municipalities. Moreover, merely suing the officers, employees, or agents in their individual capacities does not change the result." *Fox v. City of Greensboro*, 807 F.Supp.2d 476, 499 (M.D.N.C. 2011); see also *Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir. 1985).

16

4908-8902-5063, v. 1

Here, Plaintiffs allege Ms. Vandenberg was serving as mayor pro tempore for the Village at all times relative to the matter set forth in the Complaint. (D.E. 1-1, ¶ 5). Therefore, since Ms. Vandenberg is an agent and officer for the Village, Plaintiffs' claim against the Village for civil conspiracy with Ms. Vandenberg is barred by the intracorporate conspiracy doctrine.

## CONCLUSION

For the foregoing reasons, the Village respectfully requests that their Motion to Dismiss Plaintiffs' Complaint be GRANTED, and that Plaintiffs' claims against them be DISMISSED WITH PREJUDICE.

This the 14th day of March 2025.

                                               CRANFILL SUMNER LLP

BY:    */s/Jake W. Stewart*
          Jake W. Stewart, NC Bar # 51157
          *Attorneys for Defendants*
          P.O. Box 30787
          Charlotte, NC 28230
          Telephone (704) 332-8300
          Facsimile (704) 332-9994
          jstewart@cshlaw.com

# CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

\

This the 14th day of March 2025.

                CRANFILL SUMNER LLP

BY: */s/Jake W. Stewart*
    Jake W. Stewart, NC Bar # 51157
    *Attorneys for Defendants*
    P.O. Box 30787
    Charlotte, NC 28230
    Telephone (704) 332-8300
    Facsimile (704) 332-9994
    jstewart@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VILLAGE OF MARVIN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT*** with the Clerk of Court using the CM/ECF system and will send notification through the U.S. mail and electronic mail of such filing to the following:

>Benjamin J. Axelman
>David G. Redding
>TLG Law
>2907 Providence Road, Suite 303
>Charlotte, NC 28211
>Telephone: (704) 612-2128
>Facsimile: (704) 626-6552
>baxelman@tlg-law.com
>dredding@tlg-law.com
>*Attorneys for Plaintiffs*

This the 14th day of March, 2025.

>CRANFILL SUMNER LLP
>
>BY: /s/*Jake W. Stewart*_____
>Jake W. Stewart, NC Bar #51157
>Attorney for Defendant
>P.O. Box 30787
>Charlotte, NC 28230
>Telephone (704) 332-8300
>Facsimile (704) 332-9994
>jstewart@cshlaw.com