IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00087-KDB-DCK

CHRIS COMISKEY and VICTORIA COMISKEY,

    *Plaintiffs*,

v.

VILLAGE OF MARVIN, KIM VANDENBERG as mayor pro tempore, and KIM VANDENBERG in her individual capacity,

    *Defendants*.

**AMENDED COMPLAINT**

**PLAINTIFFS** Chris Comiskey ("Mr. Comiskey") and Victoria Comiskey ("Ms. Comiskey") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby amend their Complaint against Defendants Village of Marvin ("VOM"), Kim Vandenberg ("Ms. Vandenberg") in her official capacity as mayor pro tempore of VOM, and Kim Vandenberg in her individual capacity (collectively, "Defendants"), and allege as follows:

1. Mr. Comiskey is a resident and citizen of Union County, North Carolina.

2. Ms. Comiskey is a resident and citizen of Union County, North Carolina.

3. VOM is an incorporated municipality located within Union County, North Carolina.

4. Upon information and belief, Ms. Vandenberg is a resident and citizen of Union County, North Carolina.

5. Upon information and belief, Ms. Vandenberg was serving as mayor pro tempore for VOM at all times relative to the matters set forth in this Complaint.

6. Plaintiffs' original Complaint was initially filed in the courts of Union County, North Carolina (the "State Court") on January 24, 2025.

1

7. On February 5, 2025, Defendants removed this action from the State Court to this Court. ECF 1.

8. On February 6, 2025, this Court bifurcated this action and remanded only Plaintiffs' claims for declaratory and injunctive relief. ECF 2, p. 1.

9. As such, this Amended Complaint only revises Plaintiffs' legal claims for purposes of litigation in this Court—specifically the Second, Third, Fourth, Fifth and Sixth causes of action—and adds certain factual allegations to support those amended causes of action.

10. Upon information and belief, VOM has purchased liability insurance and/or participates in a local government risk pool, and as such VOM has waived any claim as to governmental or sovereign immunity pursuant to N.C. Gen. Stat. § 160A-485(a).

11. A true and accurate copy of the relevant portions of VOM's liability insurance policy is attached hereto as **Exhibit A**.

## Plaintiffs' Property Rights

12. Plaintiffs, husband and wife, are the joint owners of the real property and home located at 312 Painted Turtle Court, Marvin, North Carolina 28173 (the "Home").

13. The Home is located within VOM and is part of a subdivision known as Marvin Creek.

14. The properties within Marvin Creek are subject to certain covenants, conditions, and restrictions (the "CCRs") which are recorded in book 3664 at page 68.

15. A true and accurate copy of the CCRs is attached hereto as **Exhibit B** and is hereby incorporated by reference.

16. Under Article III, § 1 of the CCRs, the HOA-owned common land, including the land at issue abutting Plaintiffs' property (the "HOA Private Property") is strictly limited to private community use and cannot be converted for public use.

17. The CCRs are on file at the Union County Deeds Office, and as such are sealed to Plaintiffs' deed, securing their private property right that no public use can be made on the HOA Private Property.

18. Plaintiffs' private property right to restrict attempts to make public use take the form of a negative easement ("Plaintiffs' Negative Easement").

19. Plaintiffs' Negative Easement restricts the development of any part of the HOA Private Property for public access in any manner.

20. Upon information and belief, the restrictions in the CCRs and Plaintiffs' Negative Easement were known to Defendants at all relevant times.

21. In or around November 2023, the HOA purported to grant an easement (the "Easement") to VOM which would allow for the public use of HOA Private Property that is subject to Plaintiffs' Negative Easement.

22. The Easement is for the purpose of constructing a public trail (the "Public Trail Project") through the woods to another pre-existing trail, for the purpose of directly connecting Plaintiffs' Marvin Creek neighborhood to a newly zoned tavern with at least 120 parking spaces.

23. It has never been the nature or character of Marvin Creek to be directly connected to a bar.

24. In February 2024, Plaintiffs notified Defendants that the CCRs prohibited the HOA from granting the Easement to VOM for public use.

25. In the months following January 2024, Plaintiffs repeatedly provided Defendants with evidence, including independent legal opinions, that the Easement was illegal and invalid.

**Plaintiffs' Objections and Defendants' Retaliatory Actions**

26. Subsequent to the notification by Plaintiffs, Ms. Vandenberg publicly represented that no legal challenges to the validity of the Easement were raised in an effort to garner support for the Public Trail Project.

27. In the months following January 2024, Ms. Vandenberg initiated and continued a pattern of behavior and actions calculated to retaliate against and suppress Plaintiffs' objection to the Easement.

28. Ms. Vandenberg escalated her efforts to silence Plaintiffs by misusing the Union County Sheriff's Office ("UCSO") to intimidate and discredit Ms. Comiskey for sharing factual crime data.

29. Upon information and belief, in February 2024, and again in March 2024, Ms. Vandenberg requested that UCSO officers attend public VOM Council meetings in response to Ms. Comiskey's social-media posts highlighting crime patterns near trails.

30. Ms. Comiskey had, in the weeks prior, accurately presented crime data obtained from Detective Brandon Trull ("Detective Trull"), a UCSO representative, detailing regional break-ins and property crimes tied to wooded trail access.

31. In her social media posts, Ms. Comiskey included specific details of her conversation with Detective Trull and provided information for neighbors to contact Detective Trull directly.

32. Ms. Vandenberg and her associates responded by calling upon UCSO officers to appear at public meetings and to rebut and discredit Ms. Comiskey and her factual reporting.

33. At both meetings, UCSO's statements failed to substantively refute Ms. Comiskey's data but were nonetheless leveraged by Ms. Vandenberg to publicly portray Ms. Comiskey's concerns as alarmist and unfounded.

34. Namely, Defendants successfully cajoled UCSO to falsely state that there is "no evidence" that the criminals who committed break-ins used the wooded trail that Defendants intend to connect to Plaintiffs' property.[1]

35. UCSO Detective Brandon Trull's theory that the wooded trails were most likely used by the perpetrators of the nearby break-ins was supported by substantial evidence.

36. Ms. Vandenberg's misuse of UCSO created a chilling effect upon Plaintiffs' exercise of their free speech rights and was a calculated effort to intimidate Plaintiffs into silence.

37. Plaintiffs, as a result of these actions, endured and continue to endure public ridicule, isolation, and hostility from members of the community who had been misled into believing that Plaintiffs' concerns were unfounded.

38. Ms. Vandenberg's misuse of law enforcement resources for personal and political gain constitutes an abuse of her official position and is an infringement upon Plaintiffs' constitutionally protected rights.

## Collusion between the HOA and Defendants

39. By February 28, 2024, Plaintiffs had mobilized efforts to stop the Public Trail Project and sought the removal of HOA board members who continued to support the Public Trail Project.

40. In support of her mobilization efforts, Ms. Comiskey emailed to Ms. Vandenberg a private list of names (the "Opposition List") of homeowners in Marvin Creek (the "Owners") who also opposed the Public Trail Project.

41. Ms. Comiskey's purpose in providing Ms. Vandenberg with the Opposition List was to rebut VOM's position that there was no community opposition to the Public Trail Project.

42. Ms. Comiskey assumed that Ms. Vandenberg would not use the Opposition List for political gain.

43. On March 1, 2024, Ms. Vandenberg forwarded the Opposition List from her VOM account to her personal email, and then thirty-five seconds later to an HOA board member (the "Board Member") (the "Political Adversary Email").

---

[1] 1st instance of UCSO used as a tool for VOM political intimidation - from about 35:50 to 38:00
  - https://www.youtube.com/live/w-QTOCn2OaE?si=ogiONz-xUldsWE63&t=2149
 2nd instance of UCSO as tool of VOM political intimidation - from about 1:12:48 to 1:19:00
  - https://youtu.be/M1KH9pyi9ls?si=kqlrBkj9hBSaY4An&t=4369

44. The Political Adversary Email was reasonably calculated to assist the Board Member in thwarting Plaintiffs' attempts to stop the Public Trail Project and to further Ms. Vandenberg's political agenda.

45. Throughout the year of 2024, Plaintiffs submitted multiple requests for public records which relate to the Easement and the Public Trail Project from VOM.

46. VOM still has not provided many of the requested records which they are legally obligated to provide to Plaintiffs pursuant to Plaintiffs' lawful requests.

47. Upon information and belief, VOM, pursuant to Ms. Vandenberg's influence and guidance, has intentionally prevented Plaintiffs from obtaining public records pertaining to the Easement and the Public Trail Project.

48. For example, upon information and belief, documents exist within the custody and control of VOM that pertain to the legal opinion (the "Legal Opinion") upon which VOM relies to justify the approval of the Public Trail Project. However, no such documents have ever been produced by VOM.

49. Defendants have asserted a claim of attorney-client privilege to justify withholding documents related to the Legal Opinion.

50. Despite VOM's assertion of attorney-client privilege, Ms. Vandenberg publicly cited the Legal Opinion in response to direct questions about the Public Trail Project's legality and the basis upon which the VOM Council should vote to approve the Public Trail Project.

51. Upon information and belief, Ms. Vandenberg cited the Legal Opinion to persuade the VOM Council to vote to approve the Public Trail Project.

52. Upon information and belief, the VOM Council unanimously voted to approve the Public Trail Project in reliance upon the Legal Opinion and Ms. Vandenberg's statements.

53. Ms. Vandenberg's public citation and use of the Legal Opinion to successfully persuade the VOM Council constitute a waiver of the attorney-client privilege under North Carolina law.

**The Facebook Post**

54. In the fall of 2024, Mr. Comiskey engaged in settlement negotiations with VOM's attorney in an effort to avoid litigation over VOM's violation of Plaintiffs' Negative Easement.

55. These negotiations culminated in Mr. Comiskey emailing a settlement offer (the "Settlement Offer") to VOM's attorney and to the VOM Council on October 29, 2024.

56. Upon information and belief, as of November 1, 2024, no other parties had knowledge of nor access to the Settlement Offer.

5

57. On November 1, 2024, the Board Member submitted a public information request to VOM seeking all emails sent by Mr. Comiskey to VOM between October 28, 2024, and November 1, 2024.

58. Upon information and belief, the Board Member's submission of the public information request was done at the behest of Ms. Vandenberg.

59. Upon information and belief, VOM, under Ms. Vandenberg's influence, fulfilled this public information request the same day, an unusually expedited response time which suggests Ms. Vandenberg's coordination with the Board Member.

60. The emails disclosed pursuant to this public information request included the Settlement Offer.

61. In addition, on November 2, 2024, Ms. Vandenberg also forwarded the Settlement Offer to her husband, Mike Vandenberg ("Mr. Vandenberg"), who had been publicly criticizing Plaintiffs' efforts to stop the Public Trail Project.

62. Later that same day, the Marvin Messenger, a Facebook page, published a portion of the Settlement Offer and publicly accused Plaintiffs of extortion, and misrepresented the contents of the Settlement Offer (the "Facebook Post").

63. Upon information and belief, Mr. Vandenberg had provided the Settlement Offer to the author of the Facebook Post.

64. Upon information and belief, Ms. Vandenberg knew or should have known that forwarding the Settlement Offer to her husband would result in the publication of the Facebook Post.

65. Upon information and belief, Ms. Vandenberg's forwarding of the Settlement Offer to her husband was for the purpose of retaliating against Plaintiffs for their lawful opposition to the Easement and the Public Trail Project.

66. Upon information and belief, in addition to retaliation, Ms. Vandenberg intended to improperly influence the outcome of the HOA special meeting that was to take place the following week.

67. Upon information and belief, Ms. Vandenberg has orchestrated a sustained campaign to target, harass, and silence homeowners who oppose her vision of commercial development and interconnected public trails that intrude directly into private residential areas.

68. Ms. Vandenberg has enacted and has been enforcing an unwritten VOM policy that "'No' is not an option," and resistance to her plan is met with intimidation, coercion, and public smearing, along with her allies within both the VOM and the HOA.

69. Defendants' collective entrenchment in this scheme has driven them to abuse government power, weaponize misinformation, and disregard legal constraints to force compliance at any cost.

70. Despite Ms. Vandenberg's misdeeds being outside of the scope of her authority, she has continued to pursue her intent to connect homes within VOM to commercial properties and areas, with assistance from the VOM Council.

71. Further evidencing retaliatory intent, VOM explicitly threatened retaliation against homeowners in the neighboring Amber Meadows community for objecting to a proposed public trail, by stating that VOM would install neon signs, a bench, and bright lights directly adjacent to their property, deliberately impairing their peaceful enjoyment and punishing their lawful opposition.

72. At a public VOM Council meeting in December 2024, Council Member Lein explicitly threatened the use of eminent domain if the easement route continues to be troublesome for VOM, referencing the ongoing Comiskey family property rights dispute, thereby publicly invoking governmental power to unlawfully pressure Plaintiffs and the HOA.

73. The attorney representing the HOA explicitly passed along VOM threats of eminent domain to the Marvin Creek HOA, relaying that resistance to granting additional public-use easements was futile due to VOM's power to forcibly obtain those easements, despite overwhelming homeowner opposition previously expressed in October 2024.

74. The HOA Board Member has explicitly acknowledged that the HOA Board has repeatedly acted in this dispute out of fear of retaliation from VOM, directly demonstrating coercion and improper influence from VOM officials.

## FIRST CAUSE OF ACTION
### Declaratory Relief
(*Plaintiffs v. Defendants*)

75. The preceding allegations are incorporated as if fully set forth herein.

76. Plaintiffs own a home within Marvin Creek, a planned community governed by the CCRs, which explicitly prohibit any action that would make public use of HOA Private Property.

77. Plaintiffs' Negative Easement guarantees that the HOA Private Property must remain free from public use.

78. The Public Trail Project violates the CCRs and Plaintiffs' Negative Easement.

79. Plaintiffs maintain that the "Notwithstanding" clause in Article 3, § 1 of the CCRs expressly supersedes any conflicting language elsewhere in the CCRs upon which Defendants may rely in asserting that the Easement was validly granted.

80. Plaintiffs maintain that the phrase "dedicated for the use and enjoyment of the public," as a matter of basic property law, includes the grant of an easement to a public entity for use by the public, thereby rendering such an easement expressly impermissible under the CCRs.

81. Plaintiffs maintain that the granting of an easement for public use constitutes a "dedication" under the definition of that term as has been recognized universally in property law jurisprudence.

82. A nearby planned community (the "Preserve") has similar covenants, conditions, and restrictions (the "Preserve CCRs") which were created by the same drafter as the Marvin Creek CCRs, and on behalf of the same developer.

83. The Preserve CCRs are attached hereto as **Exhibit C** and are hereby incorporated by reference.

84. The Preserve CCRs have a nearly identical provision as the Marvin Creek CCRs, also at Article 3, § 1, except that such provision in the Preserve CCRs explicitly carves out an exception to the "No public use" limitation for a particular "Greenway Trail" which is to be "open to the use of the public."

85. Plaintiffs maintain that the explicit carve-out for the "Greenway Trail" in the Preserve CCRs proves that it was the intention of the drafter of the CCRs, who was the same drafter of both documents, that the dedication of an easement for public use, unless explicitly excepted from the prohibition on such dedication, would violate Article 3, § 1 of both the Marvin Creek CCRs and the Preserve CCRs.

86. Pursuant to N.C. Gen. Stat. § 1-253, Plaintiffs are entitled to declaratory judgment that as a matter of law:

    a. The Public Trail Project violates the CCRs and Plaintiffs' Negative Easement;

    b. The "Notwithstanding" clause in Article 3, § 1 of the CCRs expressly supersedes any conflicting language elsewhere in the CCRs;

    c. The term "dedicated for the use and enjoyment of the public" includes the grant of an easement to a public entity for use by the public;

    d. The granting of an easement for public use constitutes a "dedication for public use";

    e. The purported Easement granted by the HOA to VOM was void from its inception and remains void; and

    f. Ms. Vandenberg and VOM are estopped by their MDO from threatening eminent domain to coerce the HOA, Plaintiffs, or other homeowners into granting easements, rendering such threats improper and unlawful.

# SECOND CAUSE OF ACTION
## Defamation
(*Plaintiffs v. Ms. Vandenberg, in her individual capacity*)

87. The preceding allegations are incorporated as if fully set forth herein.

88. Mr. Comiskey is a reputable and accomplished attorney who holds licenses to practice in several states.

89. Ms. Comiskey is a stay-at-home mother.

90. Upon information and belief, Ms. Vandenberg provided the Settlement Offer to Mr. Vandenberg with the intent that he would provide it to the author of the Facebook Post.

91. Upon information and belief, Ms. Vandenberg knew or should have known that the author of the Facebook Post would use the Settlement Offer as the basis of the Facebook Post.

92. The Facebook Post explicitly identifies Plaintiffs.

93. The Facebook Post was published online and made accessible to the public on November 2, 2024.

94. A true copy of the Facebook Post is attached hereto as **Exhibit D**.

95. The Facebook Post is defamatory per se.

96. The Facebook Post has subjected Plaintiffs to public ridicule, contempt, and disgrace.

97. The accusations asserted in the Facebook Post were and remain demonstrably false.

98. Plaintiffs' reputations have been unjustly tarnished due to the Facebook Post.

99. Upon information and belief, Mr. Vandenberg and the author of the Facebook Post were acting as Ms. Vandenberg's agents.

100. Upon information and belief, Mr. Vandenberg, the author of the Facebook Post, and Ms. Vandenberg entered into civil conspiracy to defame Plaintiffs.

101. Upon information and belief, Ms. Vandenberg's actions in causing the defamation, as alleged herein, were outside the scope of her duties.

102. As a direct and foreseeable result of Ms. Vandenberg's actions in intentionally causing the Facebook Post to be published, Plaintiffs have been damaged in pan amount exceeding $25,000.

103. The actions of Defendants were willful, wanton, and reckless, entitling Plaintiffs to an award of punitive damages pursuant to Chapter 1D of the North Carolina Rules of Civil Procedure, in a sum to be proven at trial.

## THIRD CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
(*Plaintiffs v. Ms. Vandenberg, in her individual capacity*)

104. The preceding allegations are incorporated as if fully set forth herein.

105. Plaintiffs have suffered significant emotional distress as a result of Ms. Vandenberg's actions, which have created a hostile and adversarial environment in both their neighborhood and community.

106. Plaintiffs have been subjected to public ridicule, hostility, and isolation within their community, all of which were foreseeable consequences of Ms. Vandenberg's actions.

107. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally engage in a coordinated campaign of harassment, intimidation, and defamation aimed at Plaintiffs.

108. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally influence VOM to prevent Plaintiffs from obtaining public records to which Plaintiffs were legally entitled.

109. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally influence VOM to expedite production of records which were adverse to Plaintiffs' position to the Board Member.

110. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to intentionally cause Plaintiffs to be publicly and falsely accused of extortion.

111. Upon information and belief, Ms. Vandenberg utilized her position as mayor pro tempore to attempt to discredit and intimidate Plaintiffs via the improper use of the UCSO.

112. Ms. Vandenberg has repeatedly engaged in actions which were intentionally and reasonably calculated to thwart Plaintiffs' exercise of their First Amendment rights.

113. Ms. Vandenberg, utilizing her position as mayor pro tempore, has repeatedly engaged in actions which were likely to cause Plaintiffs severe emotional distress.

114. Upon information and belief, Ms. Vandenberg's actions were intentional.

115. Ms. Vandenberg's actions, particularly in light of her position as mayor pro tempore, have been extreme and outrageous.

116. Plaintiffs did in fact, and continue to, suffer severe emotional distress as a direct and foreseeable result of Ms. Vandenberg's actions.

117. As a direct and foreseeable result of Ms. Vandenberg's intentional and extreme and outrageous conduct, Plaintiffs have been damaged in an amount exceeding $25,000.

118. Ms. Vandenberg's actions were willful, wanton, and reckless, entitling Plaintiffs to an award of punitive damages pursuant to Chapter 1D of the North Carolina Rules of Civil Procedure, in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION
**Violation of Open Governance Laws**
(*Plaintiffs v. Defendants*)

119. The preceding allegations are incorporated as if fully set forth herein.

120. Ms. Vandenberg and VOM violated North Carolina's Open Meetings Law (N.C. Gen. Stat. §§ 143-318.9 et seq.) and Public Records Law (N.C. Gen. Stat. §§ 132-1 et seq.) through a series of secretive and improper actions to promote the Public Trail Project.

121. On March 1, 2024, Ms. Vandenberg forwarded the Political Adversary Email to the Board Member.

122. Plaintiffs submitted lawful public records requests on multiple occasions to obtain information about the Public Trail Project and related communications.

123. VOM delayed any response to Plaintiffs' lawful requests, imposed unreasonable review timelines, and improperly invoked attorney-client privilege to shield critical information.

124. In contrast, VOM expedited public records requests from political allies, including a November 1, 2024 request by the Board Member seeking emails from Mr. Comiskey. This request was fulfilled the same day and included sensitive communications, such as the Settlement Offer.

125. During public meetings, Defendants relied upon the Legal Opinion to justify the Easement's legality, while simultaneously invoking attorney-client privilege to withhold the Legal Opinion from public scrutiny.

126. Ms. Vandenberg's and VOM's refusal to disclose the legal authority upon which they relied constitutes secret lawmaking and undermines public accountability.

127. As a matter of law, Defendants have implicitly waived attorney-client privilege over the legal reasoning underlying the legal conclusion publicly cited and relied upon to justify voting for the unlawful trail through their 'secret lawmaking' on July 25, 2024.

128. VOM cannot now shield the underlying legal analysis from disclosure, as doing so constitutes secret lawmaking in violation of open government principles.

129. Ms. Vandenberg's and VOM's actions deprived Plaintiffs of their right to participate in transparent governance and obstructed their ability to protect their property rights.

130. Plaintiffs are entitled to an order requiring Ms. Vandenberg and VOM to disclose all communications and records related to the Easement and Public Trail Project.

11

# FIFTH CAUSE OF ACTION
## Violation of the First Amendment (42 U.S.C. § 1983)
(*Plaintiffs v. Defendants*)

131. The preceding allegations are incorporated as if fully set forth herein.

132. Ms. Vandenberg's improper use of the UCSO to discredit Ms. Comiskey's factual crime-reporting further contributed to the chilling effect on Plaintiffs' exercise of their free speech rights.

133. Plaintiffs' rights to voice their opinions regarding the Easement and the Public Trail Project are protected by the First Amendment of the United Stated Constitution.

134. At no time did Plaintiffs threaten violence or otherwise engage in speech or protest regarding the Easement and the Public Trail Project which was not protected by the First Amendment.

135. Upon information and belief, Ms. Vandenberg and VOM purposefully engaged in a number of actions reasonably calculated to chill Plaintiffs' First Amendment rights, including but not limited to:

    a. Responding in an unusually expeditious manner to a planted and targeted request for records made by the Board Member which was reasonably calculated to assist the Board Member in thwarting Plaintiffs' attempts to stop the Public Trail Project and further Ms. Vandenberg's political agenda;

    b. Intentionally postponing or outright refusing to respond to Plaintiffs' lawful requests for records;

    c. As to Ms. Vandenberg, publishing the Settlement Offer with the knowledge and intent that the information would be used to defame Plaintiffs and thus harm their standing within the community and ultimately keep Plaintiffs from protecting their property rights; and

    d. As to Ms. Vandenberg, calling upon law enforcement officers to be present at the February 22, 2024 and March 28, 2024 meetings solely for the purpose of discrediting and intimidating Plaintiffs from engaging in further political speech that Defendants oppose.

136. Ms. Vandenberg's and VOM's actions constituted state action.

137. Upon information and belief, Ms. Vandenberg's and VOM's actions were motivated entirely or almost entirely by Plaintiffs' lawful opposition to the Easement and to the Public Trail Project.

138. Ms. Vandenberg's and VOM's actions caused Plaintiffs to suffer injuries which are likely to chill a person of ordinary firmness from continuing to engage in their First Amendment rights.

139. Ms. Vandenberg's and VOM's actions did in fact cause Plaintiffs to suffer injuries that have chilled Plaintiffs from continuing to engage in their First Amendment rights.

140. Ms. Vandenberg's and VOM's actions were undertaken under color of state law.

141. As a result of Ms. Vandenberg's and VOM's continued violation of Plaintiffs' First Amendment rights, Plaintiffs have been damaged in an amount exceeding $25,000.

## SIXTH CAUSE OF ACTION
### Civil Conspiracy to Violate Plaintiffs' First Amendment Rights
### (42 U.S.C. § 1983)
(*Plaintiffs v. Defendants*)

142. The preceding allegations are incorporated as if fully set forth herein.

143. Upon information and belief, Defendants have regularly communicated with one another since January 2024 regarding the Easement and the Public Trail Project.

144. Upon information and belief, Ms. Vandenberg and VOM are both motivated by the political consequences of successfully completing the Public Trail Project.

145. Upon information and belief, Ms. Vandenberg was motivated to ensure that the HOA retains certain HOA board members whom she knew would support the Easement and the Public Trail Project despite the community's general opposition.

146. Upon information and belief, Ms. Vandenberg, using her influence as mayor pro tempore, engaged and continues to engage with VOM and others to stifle lawful opposition to the Easement and the Public Trail Project.

147. Upon information and belief, VOM has intentionally worked together with Ms. Vandenberg to stifle lawful opposition to the Easement and the Public Trail Project.

148. Defendants were at all relevant times aware of Plaintiffs' efforts to exercise their First Amendment rights to question the legality of the Easement and of the Public Trail Project.

149. Upon information and belief, Ms. Vandenberg and VOM conspired and/or entered into an agreement with one another, and with HOA board members, to take certain overt actions in furtherance of their intentions to chill Plaintiffs' First Amendment rights, including:

    a. Responding in an unusually expeditious manner to a planted and targeted request for records made by the Board Member which was reasonably calculated to assist the Board Member in thwarting Plaintiffs' attempts to stop the Public Trail Project and further Ms. Vandenberg's political agenda;

    b. Intentionally postponing or outright refusing to respond to Plaintiffs' lawful requests for records;

    c. As to Ms. Vandenberg, publishing the Settlement Offer with the knowledge and intent that the information would be used to defame Plaintiffs and thus harm their standing within the community and ultimately keep Plaintiffs from protecting their property rights; and

    d. As to Ms. Vandenberg, calling upon law enforcement officers to be present at the February 22, 2024 and March 28, 2024 meetings solely for the purpose of discrediting and intimidating Plaintiffs from engaging in further political speech that Defendants oppose.

150. As a result of Defendants' conspiracy to violate Plaintiffs' First Amendment rights, Plaintiffs have been damaged in an amount exceeding $25,000.

WHEREFORE, Plaintiffs pray unto this Court for the following relief:

1. For an order requiring Defendants to disclose all communications and records related to the Easement and Public Trail Project;

2. That Plaintiffs have and recover compensatory damages from Ms. Vandenberg, in her individual capacity, and from VOM in an amount to be determined at trial, but which in any event exceed $25,000;

3. For an award of punitive damages in a sum to be proven at trial;

4. For an award of attorneys' fees, as allowed by law;

5. That the costs be taxed to Ms. Vandenberg and VOM;

6. For a jury trial on all issues so triable, except that, to the extent required by N.C. Gen. Stat. § 160A-485(d), Plaintiffs expressly waive their right to a jury trial on all issues of law or fact relating to Defendants' insurance coverage; and

7. For such other and further relief as the Court deems just and proper.

This the 28th day of March, 2025.

                                        **TLG LAW**

                                        /s/ Benjamin J. Axelman
                                        Benjamin J. Axelman
                                        David G. Redding
                                        2907 Providence Road, Suite 303
                                        Charlotte, NC 28211
                                        Tel./Fax (704) 900-2215
                                        baxelman@tlg-law.com
                                        dredding@tlg-law.com
                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AMENDED COMPLAINT was served upon all parties of record via the United States Courts electronic filing system and via electronic mail to the attorneys in this matter, addressed as follows:

**CRANFILL SUMNER LLP**
Jake Stewart
2907 Providence Rd. # 200
Charlotte, NC 28211
jstewart@cshlaw.com
(704) 940-3441
*Attorney for Defendants*

THIS the 28th day of March, 2025.

**TLG LAW**

 /s/ Benjamin J. Axelman
Benjamin J. Axelman