| | |
|---|---|
| CHRIS COMISKEY and VICTORIA COMISKEY, ) ) ) | |
| Plaintiffs, ) ) | **VILLAGE OF MARVIN'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO VILLAGE OF MARVIN'S MOTION TO DISMISS** |
| v. ) ) | |
| VILLAGE OF MARVIN and KIM VANDENBERG ) ) ) | |
| Defendants. ) | |

## CONCLUSION

COMES NOW, Defendant Village of Marvin (hereinafter "Defendant" or the "Village"), through undersigned counsel, and respectfully submits this Reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Opposition Brief") (D.E. 21).

## LEGAL ARGUMENT

**I. Plaintiffs have failed to state a claim for statutory violations under North Carolina's Open Governance Laws.**

**A. Plaintiffs have failed to plead violations of N.C. Gen. Stat. § 132-1, per *Twombly*.**

Plaintiffs have misstated the Defendant's position by arguing that Defendant is moving to dismiss their claims on the basis that "Plaintiffs' have not yet proffered evidence obtainable only via discovery" (D.E. 21, p. 6). Plaintiffs are in the best position to have access to and knowledge of the specific public records requests that are allegedly deficient, as they are the party that submitted such requests and is alleging such deficiencies. It is not cognizable that Plaintiffs can claim that "VOM has not provided many of the requested records which they are legally obligated to provide" and that Plaintiffs submitted "multiple requests," but fail to plead what public records requests have been made, the specific dates of the requests, how long it has taken

VOM to respond to those requests, how many requests were made, or the reasons given for any delay. (D.E. 14, ¶¶ 45-46).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, a claim must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556-557).

Plaintiffs have cited to the North Carolina Public Records Law but have failed to acknowledge that N.C. Gen. Stat § 132-6(a) allows for municipalities to comply with public records requests in a "reasonable" time. It is no dispute that the Act "strongly favors the release of public records to increase transparency in government" as cited to by Plaintiffs. (D.E. 21, pp. 506); *State Emps. Ass'n of N. Carolina, Inc. v. N. Carolina Dep't of State Treasurer*, 364 N.C. 205, 214, 695 S.E.2d 91, 97 (2010). However, the municipality is entitled to a reasonable time to respond to such requests, and Plaintiffs have failed to plead that the Village's response time has been unreasonable or alleged facts for the Court to determine any delay in response was unreasonable.

Contrary to Plaintiffs' position, the Village has not received sufficient notice of which public records requests the Plaintiffs are referring to. Plaintiffs' failure to comply with the plausibility standard, as set forth in *Twombly*, supports dismissal of their claim.

**B. Defendant did not waive attorney client privilege when it relied on legal advice.**

4927-3785-4018, v. 2

Contrary to Plaintiffs' position in their Opposition Brief, the Village has proven the privilege's applicability, as well as its non-waiver of the privilege. (D.E. 21, p. 7).

Plaintiffs are correct in that "[w]here a governmental entity discloses ***substantive aspects of their attorney's advice,*** attorney-client privilege may be waived." (D.E. 21, p. 7) (emphasis added) (citing *Chase v. City of Portsmouth*, 236 F.R.D. 263, 268 (E.D. Va. 2006) (holding that attorney-client privilege was waived by the city when a councilmember cited a letter from their attorney at a public meeting). However, Plaintiffs have failed to explain the applicability and the meaning of substantive aspects as it pertains to disclosure of legal advice.

In *Chase*, a city councilmember told the other councilmembers and the city attorney that he would be speaking about a letter from the city attorney at the public city council meeting. 236 F.R.D. at 268 (E.D. Va. 2006). At that meeting, the councilmember "discussed the letter and quoted directly from two footnotes in it." *Id.* at 268. At the meeting, the councilmember "read statements from the letter and not one Council Member nor the City Attorney attempted to stop him, cut him off, or otherwise note that the information was supposed to be privileged or confidential." *Id.* at 269. Since the councilmember directly quoted the letter at the public meeting, the court found that he waived his attorney-client privilege. *Id.*

By contrast, here, the Village merely referenced their legal counsel's advice in reaching their decision on the Easement. In doing so, the Village did not waive its attorney-client privilege because unlike the councilmember in *Chase*, the Village did not quote directly from such opinion nor cite it directly. The Village did not waive "substantive aspects" of its attorney's advice, and accordingly, did not waive its attorney-client privilege. See *Chase*, 236 F.R.D. 263, 268 (E.D. Va. 2006).

Next, Plaintiffs rely *on Multimedia Publishing of North Carolina, Inc. v. Henderson County*, 145 N.C. App. 365, 550 S.E.2d 846 (N.C. App. 2001), and argue that a privilege is waived when "a legislative body references the conclusion of legal advice in a public session." (D.E. 21, p. 8). However, in that case, the Board's attorney "announced that a couple of amendments were proposed to the draft of the moratorium language previously presented" and then, the moratorium received a favorable vote. *Id.* at 367. Like *Chase*, the Board's attorney in *Multimedia* disclosed **substantive aspects** of the legal advice. Plaintiffs have misinterpreted the difference between disclosing substantive aspects of legal advice and merely referencing an entity's legal guidance in reaching a decision.

Here, the Village did not cite to the contents of their legal advice, and merely referenced reliance on their legal counsel's guidance. The Village did not waive its attorney-client privilege because no substantive aspects of their counsel's legal advice were disclosed.

## II. Plaintiffs have failed to state a 42 U.S.C § 1983 claim against the Village.

Plaintiffs' First Amendment claims in the Amended Complaint must fail as (1) Plaintiffs are seemingly attempting to argue Ms. Vandenberg's actions were taken outside the scope of her official duties, and (2) Plaintiffs have failed to demonstrate an unconstitutional policy, practice or custom.

Plaintiffs must plead that they suffered the alleged deprivation as a result of an action taken under color of state law. *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.*, 320 F.Supp.2d 378, 403 (M.D.N.C. 2004). Plaintiffs are correct in stating, for purposes of Section 1983, "a municipality is considered a 'person' and thus is subject to suit." *Hunter v. Town of Mocksville, N. Carolina*, 897 F.3d 538, 553 (4th Cir. 2018) (citing Monell v. Dept. of Social Servs., 436 U.S. 658, 690 (1978)). However, Plaintiffs appear to be

4
Case 3:25-cv-00087-KDB-DCK     Document 22     Filed 05/16/25     Page 4 of 11
4927-3785-4018, v. 2

arguing that the First Amendment violations asserted against the Village and Ms. Vandenberg, are based on Ms. Vandenberg's "misdeeds" that were "outside the scope of her authority," i.e., in her individual capacity. (D.E. 14, ¶ 70). Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss argues that Ms. Vandenberg's actions were taken outside the scope of her official capacity as a public official. (D.E. 21). As such, Plaintiffs are seemingly pursuing a First Amendment claim based upon actions done outside the color of state law, which is not actionable. Without an underlying Constitutional violation against an individual, Plaintiff's claim against the Village must fail. *See, e.g., Hinkle v. City of Clarksburg,* 81 F.3d 416, 420 (4th Cir. 1996); *Collins v. City of Harker Heights,* 503 U.S. 115, 123 (1992) ("city may be liable for a policy or custom of failing to train employees only "if a city employee violates another's constitutional rights.").

Further, municipal liability exists only where the entity has a pattern or policy of constitutional violations. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, a "custom or usage" cannot be established by proof of a single constitutional violation. *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987) ("[P]roof of a single violation... obviously cannot support an inference that the violation resulted from a municipally condoned custom of comparable practices"). "To establish municipal liability in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, 'a plaintiff must show that the violation of his constitutional rights resulted from a municipal policy or custom.'" *Gedrich v. Fairfax County Dept. of Family Servs.*, 282 F.Supp.2d 439. Here, there is no evidence of pattern or practice to support Plaintiff's *Monell* claim.

Plaintiffs have failed to meet their burden to demonstrate a pattern or policy of constitutional violations on behalf of the Village. Plaintiffs claim that they have "sufficiently

5
Case 3:25-cv-00087-KDB-DCK    Document 22    Filed 05/16/25    Page 5 of 11
4927-3785-4018, v. 2

pointed to a policy or custom which is reasonably calculated to prevent Plaintiffs from voicing legal and political opposition to the Easement and the Trail Project." (D.E. 21, p. 12). In an effort to support their claim that there is a "pattern or policy," Plaintiffs have argued that several allegations in the Amended Complaint set forth such pattern or policy. (D.E. 21, p. 10). Even if Plaintiffs are not required to meet heightened pleading standard, as argued in their Opposition Brief, Plaintiffs have still failed to plead a pattern or practice, under the pleading standards set forth in *Twombly*. (D.E. 21, p. 11); *Twombly*, 550 U.S. at 570.

Conversely, even if Ms. Vandenberg's actions were found to be within her official capacity, and a constitutional violation, it is well settled that "[a] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; see also Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F.App'x 297, 282 (4th Cir. 2009) (stating that "the principles of respondeat superior have no application to § 1983 claims").

In sum, Plaintiff's claims should be dismissed because there is no evidence of a policy, practice or custom, nor that the Village was "aware of any constitutional violation and either participated in or otherwise condoned it." *Love-Lane v. Martin,* 355 F.3d 766, 783 (2004).

### III. Plaintiffs' civil conspiracy claim is barred by the intracorporate conspiracy doctrine.

Plaintiffs' civil conspiracy claim must fail for two reasons. First, the intracorporate conspiracy doctrine bars the civil conspiracy claim as it pertains to Ms. Vandenberg and the Village because the two entities are one in the same, to the extent that it is alleged that Ms. Vandenberg acted within her official duties. Second, Plaintiffs' claim must fail as it involves the HOA because Plaintiffs have not pled that there was significant state action between the Village and the HOA.

4927-3785-4018, v. 2

In order to establish a civil conspiracy claim under § 1983, Plaintiffs "must present evidence that [Defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiffs] deprivation of a constitutional right." *Hinkle v. City of Clarksburg W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). Plaintiffs are faced with a "weighty" burden. *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 658 (4th Cir. 2017) (internal quotation marks omitted) (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)).

As stated above, Plaintiffs have not stated a claim for a deprivation of a constitutional right, i.e., Plaintiffs' First Amendment rights.

"The intracorporate conspiracy doctrine recognizes that a corporation cannot conspire with its agents because the agents' acts are the corporation's own." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 352 (4th Cir. 2013). Additionally, "a conspiracy between a corporation and its agents, acting within the scope of employment, is a legal impossibility." *Marmott v. Md. Lumber Co.*, 807 F.2d 1180, 1184 (4th Cir. 1986) (upholding district court's ruling that plaintiff failed to allege a conspiracy because the complaint only named the company and its employees as conspirators).

Plaintiffs have claimed in their Opposition Brief that they "maintain that Ms. Vandenberg was acting well outside of the scope of her official duties with respect to certain of the claims" (D.E. 21, p. 13). However, Plaintiffs blatantly contradict themselves in the Amended Complaint, which provides: "Ms. Vandenberg was serving as mayor pro tempore for VOM at all times relative to the matters set forth in this Complaint." (D.E. 14, ¶ 5). There are no allegations in the Amended Complaint to indicate that Ms. Vandenberg acted outside the scope of her position as it

7

4927-3785-4018, v. 2

pertains to the First Amendment claims. As such, it is a mere legal impossibility to have a civil conspiracy claim against the Village and Ms. Vandenburg.

To the extent that Plaintiffs have alleged and addressed in their Opposition Brief that "Defendants have otherwise conspired with the HOA" to violate Plaintiffs' First Amendment rights, the HOA has not engaged in "significant state action.". (D.E. 21, p. 13). Regarding state action as it relates to Section 1983, the Supreme Court has stated:

> In the typical case raising a state-action issue, a private party has taken the decisive step that caused harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that decisive conduct as state action. This may occur if the State creates the legal framework governing the conduct if it delegates its authority to the private actor, or sometimes if it knowingly accepts the benefits derived from unconstitutional behavior.

*Nat'l Collegiate Ath. Ass'n*. v. Tarkanian, 488 U.S. 179, 109 S.Ct. 454, 462, 102 L.Ed.2d 469, 484-85 (1988).

Here, Plaintiffs have merely alleged that the "HOA Board has repeatedly acted in this dispute out of fear of retaliation from VOM" and that "Ms. Vandenberg and VOM conspired and/or entered into an agreement with one another, and with the HOA Board members" (D.E. 14, ¶¶ 74, 149). Besides the bare assertions as stated in the Amended Complaint, Plaintiffs have not plead sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As such, since Plaintiffs have not sufficiently stated a claim that the Village has created a legal framework governing its conduct by delegating its authority to the HOA, or that it knowingly accepted the benefits from the HOA, Plaintiffs' civil conspiracy claim must fail.

Alternatively, to the extent Plaintiffs intend to allege a conspiracy claim against the HOA and have sufficiently done so under § 1983, which they have not, then the HOA is likely a necessary party to this action. It was unclear from Plaintiffs' Amended Complaint that they

8

Case 3:25-cv-00087-KDB-DCK    Document 22    Filed 05/16/25    Page 8 of 11

intended to pursue a conspiracy claim against the HOA, however, Plaintiffs seem to be taking the position their intent was to allege a tort against a non-party Defendant, in an effort to keep the Village in the claim.

## **CONCLUSION**

For the foregoing reasons, the Village respectfully requests that their Motion to Dismiss Plaintiffs' Amended Complaint be GRANTED, and that Plaintiffs' claims against them be DISMISSED WITH PREJUDICE.

This the 16th day of May, 2025.

                               CRANFILL SUMNER LLP

BY: */s/Jake W. Stewart*
Jake W. Stewart, NC Bar # 51157
*Attorney for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
jstewart@cshlaw.com

# CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 16th day of May 2025.

                                        CRANFILL SUMNER LLP

BY:    */s/Jake W. Stewart*
           Jake W. Stewart, NC Bar # 51157
           *Attorney for Defendants*
           P.O. Box 30787
           Charlotte, NC 28230
           Telephone (704) 332-8300
           Facsimile (704) 332-9994
           jstewart@cshlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing ***REPLY IN SUPPORT OF DEFENDANT VILLAGE OF MARVIN'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT*** with the Clerk of Court using the CM/ECF system and will send notification through the U.S. mail and electronic mail of such filing to the following:

>Benjamin J. Axelman
>David G. Redding
>TLG Law
>2907 Providence Road, Suite 303
>Charlotte, NC 28211
>Telephone: (704) 612-2128
>Facsimile: (704) 626-6552
>baxelman@tlg-law.com
>dredding@tlg-law.com
>*Attorneys for Plaintiffs*

This the 16th day of May, 2025.

          CRANFILL SUMNER LLP

BY:   /s/*Jake W. Stewart*_____
       Jake W. Stewart, NC Bar #51157
       Attorney for Defendant
       P.O. Box 30787
       Charlotte, NC 28230
       Telephone (704) 332-8300
       Facsimile (704) 332-9994
       jstewart@cshlaw.com