UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
WDNC Civil Action No. 3:25-cv-00087

| | |
|---|---|
| CHRIS COMISKEY and VICTORIA COMISKEY, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF MARVIN and KIM VANDENBERG as mayor pro tempore, and KIM VANDENBERG in her individual capacity <br><br> Defendants. | **KIM VANDENBERG'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS** |

COMES NOW, Defendant Kim Vandenberg, (hereinafter "Defendant" or "Ms. Vandenberg"), through undersigned counsel, and respectfully submits this Reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Opposition Brief") (D.E. 26). Defendant addresses only matters newly raised by Plaintiff's Response to Defendant's Motion to Dismiss and will explain why Defendant's Motion to Dismiss should be granted.

## ARGUMENT

### I. Public Official Immunity Applies to Defamation Claims

District Courts in North Carolina have consistently held that public official immunity can apply to claims of defamation. *Chapman v. City of Newton*, No. 5:23-CV-00040-KDB-SCR, 2023 WL 9103617, at *7 (W.D.N.C. 2023) citing *Norton v. Tabron*, No. 7:16-CV-56-BO, 2016 WL 5867045, at *3 (E.D.N.C. 2016) aff'd, 727 F.App'x 762 (4th Cir. 2018) (finding public official immunity applied to a claim of defamation when Plaintiff solely relied upon conclusory claims of malice or corruption); *Bernstein v. Sims*, No. 5:22-CV-277-BO, 2023 WL 2763108, at *3 (E.D.N.C. 2023) (Plaintiff's defamation claim was dismissed in part because Plaintiff only

made conclusory statements that defendant acted outside the scope of authority). Similarly, the 4th Circuit has upheld dismissal of intentional tort claims on the basis of public official immunity. See *Maney v. Garrison*, 681 Fed.Appx. 210, 223 (4th Cir. 2017).

Plaintiffs cite to allegations they contend support Ms. Vandenberg was acting with malice. Again, these allegations are merely conclusory and offer no facts to suggest the presence of malice. The actual action by Ms. Vandenberg that Plaintiffs allege create liability for defamation is sending a settlement demand to her husband, who then sent it to a third party. Providing a public record to a spouse is hardly a malicious act. Like *Chapman* and *Norton*, Plaintiffs should not be allowed to pierce public official immunity with conclusory allegations of malice.

## II. Plaintiffs' Defamation Claim Must Fail

### a. The Facebook Post does not Constitute Defamation

The social media post indicates an individual (presumably Mr. Comiskey) is "attempting to use litigation to extort money from the town …." (D.E. 14, Ex. D). Plaintiffs entire argument for defamation hangs on the use of the word "extort." Because the word "extort" is used and because extortion is a felony, Plaintiffs contend they have been accused of committing a crime and therefore have been defamed. The facts of this case are similar to those in *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 389 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970). There, the Plaintiff filed suit for defamation where a number of articles characterized his negotiating position as "blackmail." *Id*. 398 U.S. at 7-8, 90 S.Ct. at 1538. The Plaintiff in *Bresler* believed the articles imputed to him the crime of blackmail. The Court ultimately held that the use of the word "blackmail" was not libelous when reported in news articles. *Id.* 398 U.S. at 13, 90 S.Ct. at 1541. Specifically, the Court determined it was the Plaintiff's "public and wholly legal negotiating

proposals that were being criticized." *Id.* 398 U.S. at 14, 90 S.Ct. at 1542. The Court further found that no reader could have thought Plaintiff was being charged with the commission of a criminal offense. *Id.* Similar to *Bresler*, the statement on social media was a criticism of the settlement demand sent by Plaintiffs, which was attached to the statement. No reasonable reader would assume Marvin Messenger is accusing Plaintiffs of committing the crime of extortion, rather a reasonable reader would understand the statement to question Plaintiffs motives and intentions in sending a settlement demand.

      b. **<u>Plaintiffs Have Failed to Sufficiently Plead a Defamation Claim Against Ms. Vandenberg.</u>**

Plaintiffs fail to offer any legal support to attach liability to Ms. Vandenberg for the alleged defamatory statements by Marvin Messenger. Plaintiffs argue the facts as alleged suggest it is most likely that Ms. Vandenberg or her husband published the Facebook post or directed someone else to do it. This is not what Plaintiffs have alleged in their Amended Complaint. Their Amended Complaint indicates Ms. Vandenberg provided the settlement demand to her husband, who then provided the Settlement Offer to the author of the Facebook post. (D.E. 14, ¶¶ 61-66). Plaintiffs' allegations and arguments that Ms. Vandenberg was responsible for the Facebook post are wholly speculative and contain no allegations of fact to support their claim. At best, Plaintiffs have alleged facts to suggest her husband had direct contact with the author of the post. Ms. Vandenberg is not responsible for the alleged actions of her husband without any further allegations of fact. Noticeably, Plaintiffs failed to address Defendant's argument that the amended Complaint contains no allegations to support any legal agency between Ms. Vandenberg and Marvin Messenger. Without allegations that Ms. Vandenberg ratified the action or that the action was expressly authorized by Ms. Vandenberg,

there is no legal basis to tie Ms. Vandenberg to the alleged defamatory statement. See *Matthews v. Food Lion, LLC,* 205 N.C.App. 279, 281-82, 695 S.E.2d 828, 830 (2010).

    c. **Ms. Comiskey has no Claim for Defamation**

For defamation to be actionable, it must be of or concerning the Plaintiff or Plaintiffs. *Boyce & Isley, PLLC v. Cooper,* 153 N.C.App. 25, 29, 568 S.E.2d 893, 897 (2002). Clearly, the statement on Facebook is about one individual. Mr. Comiskey was the author of the attached settlement demand that Marvin Messenger was criticizing, so clearly that is the individual Marvin Messenger was referencing. (D.E. 14, Ex. D).

### III. Plaintiffs' Intentional Infliction of Emotional Distress Claim Must Fail

Plaintiffs have merely restated their allegations in their Response in an effort to argue the existence of extreme and outrageous conduct. Plaintiffs conclude Ms. Vandenberg has used her power and influence to harass and intimidate Plaintiffs, yet their Amended Complaint contains no allegations of fact which would constitute harassment or intimidation. Ms. Vandenberg's actions as alleged are neither extreme nor outrageous, they are just actions Plaintiffs do not like.

Plaintiffs are correct that they do not need to specify the precise trauma or psychological harm they experienced due to the alleged conduct in order to satisfy the requirements of pleading an IIED claim. However, they must plead more than just to have suffered "severe emotional distress as a direct and foreseeable result of Ms. Vandenberg's actions." (D.E. 14, ¶ 116). "Allegations that fail to identify a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so are not sufficient." *Moschos v. Moschos*, 287 N.C.App. 162, 166 (2022). "Moreover, without factual allegations regarding the type, manner, or degree of severe emotional distress a plaintiff claims to have experienced, a plaintiff's complaint fails to sufficiently allege severe emotional distress."

4

Case 3:25-cv-00087-KDB-DCK    Document 27    Filed 06/24/25    Page 4 of 11
4908-2298-5040, v. 1

*Moschos*, 219 N.C.App. at 32; *see e.g., Cauley v. Bean*, 282 N.C.App. 443, 451 (2022) (affirming dismissal of negligent infliction of emotional distress claim where "[t]he only allegations in Plaintiff's complaint regarding her emotional distress are that Defendant's actions 'proximately caused the negligent infliction of emotional distress of [P]laintiff' and that '[P]laintiff suffered severe emotional distress'").

IV. **Plaintiffs Fail to Allege a First Amendment Violation**

Plaintiffs Response seems to suggest their First Amendment claim is based upon the totality of actions by Ms. Vandenberg. Specifically, Plaintiffs admit they do not contend their First Amendment rights were violated when they were allegedly precluded from obtaining public records. Rather, Plaintiffs contend Ms. Vandenberg's actions combined constitute a First Amendment violation. Plaintiffs cite to no legal authority to support the proposition that a First Amendment claim exists based on a combination of actions, where none of the actions alone constitute a First Amendment violation. That is a convoluted argument. If Plaintiffs cannot even identify the actions which they contend constitute violations of their First Amendment rights, a Defendant cannot possibly have been put on notice of such claims. Plaintiffs Amended Complaint is filled with vague conclusory allegations of Ms. Vandenberg abusing her power and conducting a campaign of harassment and intimidation against Plaintiffs, however, without actual instances where Plaintiffs have engaged in protected speech and Ms. Vandenberg has retaliated in a manner that would create a chilling effect on the freedom of expression, no claim has been stated.

The threshold question is whether a "similarly situated person of 'ordinary firmness' reasonably would be chilled by the government conduct in light of the circumstances presented in the particular case." *The Baltimore Sun Co. v. Ehrlich*, 437 F.3d 410, 416 (4th Cir. 2006) citing

*Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). "Allegations of a subjective 'chill' are not an adequate substitution for a claim of specific present objective harm or a threat of specific future harm [.]" *Laird v. Tatum*, 408 U.S. 1, 13-14, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972). The Plaintiff must suffer an injury or threat of injury that is "credible" and not "imaginary or speculative." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

Plaintiffs' Amended Complaint falls well short in establishing a credible injury or threat of injury. The actions Plaintiffs argue contributed to "chill" their speech, include calling law enforcement officers to present crime statistics Plaintiffs disagree with, taking longer to respond to Plaintiffs public records requests then they would like, and sending a public record to a spouse. No reasonable person would be chilled from expressing their free speech if confronted with any or all of these actions. Similarly, no claim of injury or threat of injury as a result of any or all of these actions could be considered credible. Plaintiffs' failure to present an argument in their Response as to how a person of reasonable firmness would be chilled by the government conduct is telling. Instead, Plaintiffs argue this is a question for a jury despite there being no 4th Circuit legal authority to support such a position. On the contrary, Courts in the 4th Circuit regularly determine this issue. See *Constantine*, 41 F.3d at 500-01 (where the Court determined conduct would tend to chill a reasonable person's exercise of First Amendment rights); *American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.*, 999 F.2d 780, 786 (the Court determined the decision to withdraw from an arrangement did not chill, impair, or deny the exercise of First Amendment rights).

The Fourth Circuit's decision in *Donohoe v. Duling*, 465 F.2d 196, 202 (4th Cir. 1972) is especially instructive to the facts in alleged in this claim:

4908-2298-5040, v. 1

> The plaintiffs in this case, undeterred by any action by the defendants and offering no testimony of "injuries done to him (them)",-of any inhibiting of their own exercise of the rights of free speech, of any penalty imposed on them which could be attributed to their exercise of their First Amendment rights, of any loss of employment or even reasonably foreseeable threat of such, of any threat of prosecution, or specific, identifiable civil sanction,-seek primarily in this action to vindicate the alleged rights of others, whose actual intimidation or injury is purely conjectural and speculative, without any positive proof in support. As the Court observed in *Tatum*, this case represents no more than a claim by the plaintiffs that "the exercise of his (their) First Amendment rights is being chilled by the mere existence, without more, of a governmental investigative and data-gathering activity that is alleged to be broader in scope than is reasonably necessary for the accomplishment of a valid governmental purpose" (408 U.S. at p. 10, 92 S.Ct. at p. 2324) and, as in *Tatum*, the plaintiffs are "not people, obviously, who are cowed and chilled" by such activity. They are without a justiciable claim.

Like *Donohoe* and *Tatum*, the Plaintiffs here have presented no allegations to indicate their First Amendment rights have been inhibited in any way.

### V. <u>Ms. Vandenberg is Entitled to Qualified Immunity.</u>

In their Response, Plaintiffs argue qualified immunity is inapplicable because Ms. Vandenberg's alleged actions were outside of her official duties. Plaintiffs then argue they have sufficiently pled a First Amendment violation for actions Ms. Vandenberg took within her official capacity. It is unclear what actions Plaintiffs are alleging are outside of Ms. Vandenberg's official capacity, and Defendants should not be forced to guess what actions Plaintiffs are referencing. "Qualified immunity bars § 1983 actions against government officials in their individual capacities 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. PAE Government Services, Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *District of Columbia v. Wesby*, 538 U.S. 48, 62, 138 S.Ct. 577, 589, 199 L.Ed.2d 453 (2018)). In order to state a § 1983 claim, Plaintiffs must allege (1) a Constitutional right was violated and (2) that the alleged

violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Therefore, Plaintiffs arguments that Ms. Vandenberg was acting outside the scope of her authority in some of her actions have no bearing on whether qualified immunity applies. If Ms. Vandenberg was acting outside the scope of her official capacity, then there can be no § 1983 claim, since she would not be acting under the color of state law.

Officials who are sued for civil damages are entitled to qualified immunity unless (1) the complaint sufficiently alleges a violation of a constitutional right, and (2) the right at issue, defined at the appropriate level of generality, was "clearly established" at the time of the alleged misconduct. *Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 169 (4th Cir. 2010). Plaintiffs argue in their Response the clearly established right in this matter is the right to protest against a governmental official's actions. Plaintiffs have defined the right at issue far too broadly, which is inconsistent with how the Fourth Circuit has applied qualified immunity. Courts must define the right in question at an "appropriate level of specificity." *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). "[T]he unlawfulness must be apparent" "in the light of pre-existing law." *White v. Pauly,* 580 U.S. 73, 79-80, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017); *Safar v. Tingle*, 859 F.3d 241, 246 (4th Cir. 2017) (the court must identify precedent with sufficiently "similar circumstances" in order to find law is clearly established).

The appropriate level of specificity requires viewing the specific facts and actions alleged, in order to determine whether Ms. Vandenberg would have or should have been aware her actions violated Plaintiffs' First Amendment rights. Plaintiffs have failed to identify any clearly established right to dictate timelines and responsiveness to public records request, to be

8

Case 3:25-cv-00087-KDB-DCK    Document 27    Filed 06/24/25    Page 8 of 11
4908-2298-5040, v. 1

able to prevent disclosure of public records, or to present purported crime statistics without law enforcement being able to present their own statistics thereafter.

## CONCLUSION

For the foregoing reasons, Ms. Vandenberg respectfully requests that her Motion to Dismiss Plaintiffs' Amended Complaint be GRANTED, and that Plaintiffs' claims against her be DISMISSED WITH PREJUDICE.

This the 24th day of June 2025.

                                            CRANFILL SUMNER LLP

BY:   */s/Jake W. Stewart*
         Jake W. Stewart, NC Bar # 51157
         *Attorney for Defendants*
         P.O. Box 30787
         Charlotte, NC 28230
         Telephone (704) 332-8300
         Facsimile (704) 332-9994
         jstewart@cshlaw.com

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 24th day of June 2025.

                                CRANFILL SUMNER LLP

BY:    */s/Jake W. Stewart*
        Jake W. Stewart, NC Bar # 51157
        *Attorney for Defendants*
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        jstewart@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS IN LIEU OF AN ANSWER,** with the Clerk of Court using the CM/ECF system serving the same on all parties as follows:

Benjamin J. Axelman
David G. Redding
TLG Law
2907 Providence Road, Suite 303
Charlotte, NC 28211
Telephone: (704) 612-2128
Facsimile: (704) 626-6552
baxelman@tlg-law.com
dredding@tlg-law.com
*Attorneys for Plaintiffs*

This the 24th day of June, 2025.

                                      CRANFILL SUMNER LLP

BY: /s/*Jake W. Stewart*
Jake W. Stewart, NC Bar #51157
Attorney for Defendants
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
jstewart@cshlaw.com