UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00087-MEO-DCK

| | |
|---|---|
| VICTORIA COMISKEY,<br>CHRIS COMISKEY,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF MARVIN,<br>KIM VANDENBERG, as mayor pro tempore and individually,<br><br>Defendants. | **MEMORANDUM & ORDER** |

**THIS MATTER THIS MATTER** is before the Court on Plaintiffs' Motion for Leave to Amend and Consolidate the Related Action (Doc. No. 39). The Court has considered the motion, the proposed Second Amended Complaint ("SAC") (Doc. No. 39-2), and the briefing in opposition. For the reasons below, the Court will grant in part and deny in part to motion to amend and consolidate, and the Court will deny the pending motions to dismiss (Doc. Nos. 16, 24) as moot without prejudice.

## I. BACKGROUND

Plaintiffs sued in Union County Superior Court on January 24, 2025, and Defendants removed on February 5, 2025 (Doc. No. 1). The Court remanded Plaintiffs' declaratory-relief claim concerning the trail easement. The Superior Court dismissed that claim on July 21, 2025; Plaintiffs' appeal is pending, and the Superior Court has enjoined construction pending appeal.

Plaintiffs filed the Amended Complaint on March 28, 2025. The Village and Vandenberg moved to dismiss (Doc. Nos. 16, 24), and those motions were fully briefed by June 2025. No answer has been filed, no scheduling order has been entered, and no discovery has occurred.

The case was transferred to the undersigned on January 7, 2026. On April 24, 2026, Plaintiffs asked the Court to defer ruling for 30 days so that they could finalize a settlement with the Village and then seek leave to amend. They filed this motion on September 30, 2026, after the Court ordered a further status report.

The SAC would expand the case from two defendants to twelve and assert eleven claims. Plaintiffs state that the SAC does not reassert the claims for intentional infliction of emotional distress or for violation of N.C. Gen. Stat. §§ 143-318.9 et seq. and 132-1 et seq. (Doc. No. 39-1 at 3 n.3), although Claim 9 alleges violations of Chapter 132. It would also add Sheriff Eddie Cathey and D. Brandon Christian, who are defendants in *Comiskey v. Cathey*, No. 3:26-cv-00159-MOC-DCK (the "Related Action"). That case has answers, has held its initial attorneys' conference, and has been under a case management order since June 24, 2026.

## II. LEGAL STANDARD

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Delay alone is insufficient, *id.* at 427, though it may support a finding

of prejudice or bad faith. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). An amendment is futile when it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

To the extent the SAC pleads events after March 28, 2025, it is a supplemental pleading under Rule 15(d), and the standard is "nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Because no scheduling order has been entered here, Rule 16(b)(4) does not apply. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

## III. DISCUSSION

The Court resolves the motion for leave to amend first, as an amended pleading, if allowed, would supersede the current operative pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).

### A. The Village, Vandenberg, Durst, and Lein

Leave to file a second amended complaint is granted as to the Village, Vandenberg, Durst, and Lein, except as provided in Part III.B.

Plaintiffs' delay in seeking leave to file a second amended complaint is significant and only partly explained. Settlement with the Village would not have resolved the individual-capacity claims against Vandenberg (Doc. No. 30 at 2), and Plaintiffs did not move within the 30 days they requested. But delay alone does not warrant denial. *Laber*, 438 F.3d at 427.

No answer has been filed, no scheduling order entered, and no discovery taken. Prejudice depends on "the nature of the amendment and its timing," and is often present where an amendment "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Id.* Here the case remains at the pleading stage. The cost of briefing a new motion to dismiss is not undue prejudice.

Moreover, much of the SAC rests on events after March 2025: the October 2025 letter, the November 2025 election, the May 2026 records production, and Vandenberg's June 2026 suit against the Village (SAC ¶¶ 70–77, 97–110). On this record, the Court does not find bad faith on Plaintiffs' part as to these defendants.

Finally, the proposed claims against these defendants are not "clearly insufficient or frivolous on [their] face." *Oroweat*, 785 F.2d at 510. Defendants may renew their Rule 12 arguments, including immunity, against the SAC. The Court notes that the SAC sues Vandenberg only in her individual capacity (SAC ¶ 8), contrary to the premise of Doc. No. 43 at 8.

**B. Claims 1, 4, and 5 (the easement claims)**

Claims 1 (taking), 4 (trespass), and 5 (interference with contract) arise from the trail easement at issue in the pending state appeal. The Village argues they are barred by res judicata. Plaintiffs plead Claim 1 only "as an alternative" to their state-court position (SAC ¶ 112) and alternatively ask the Court to stay these claims.

These claims raise threshold questions, including the preclusive effect of the state judgment and whether the Rooker-Feldman doctrine applies, *see T.M. v. Univ.*

*of Md. Med. Sys. Corp.*, No. 25-197 (U.S. June 18, 2026), and both may turn on the outcome of the appeal. The Court declines to resolve those questions now. Leave is denied without prejudice as to Claims 1, 4, and 5. Plaintiffs may renew their request within 30 days after the North Carolina Court of Appeals issues its mandate.

**C. Cathey, Christian, and consolidation**

Leave is denied as to Sheriff Cathey and Christian. The claims against them, including the parts of Claims 2, 3, and 11 directed to them, are already pending in the Related Action (SAC ¶ 120 n.21). Adding them here would put the same claims in two cases.

The Related Action is also narrower and further along. It concerns a single October 2025 letter to Mr. Comiskey; it is proceeding under its own case management order; and it is assigned to another district judge. On balance, the risks of prejudice and confusion outweigh any efficiency gained. *See Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018); *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Therefore, the Court denies the request to consolidate. This ruling does not prevent the parties from coordinating discovery across the two cases.

**D. Nunnenkamp**

Leave is denied as futile as to Robert Nunnenkamp. The SAC alleges that this sitting council member participated in, voted on, and spoke in closed session about settlement of this case (SAC ¶¶ 109–10). It does not plausibly allege conduct that would deter a person of ordinary firmness from speaking. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

The SAC also alleges that Nunnenkamp's position changed only after Plaintiffs gave notice that such a council member would be named as a defendant (SAC ¶ 110). That allegation reinforces the Court's conclusion.

**E. Private defendants (Michael Vandenberg, Kuykendall, Black, Valenti, Damani)**

Leave to join the private defendants is denied. Defendants may be joined only if the claims against them arise out of "the same transaction, occurrence, or series of transactions or occurrences" and present a common question of law or fact. Fed. R. Civ. P. 20(a)(2); *see Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983).

The claims against these defendants rest on discrete episodes: social-media publications and a report to Mr. Comiskey's employer (Claims 6–8); and homeowners' association governance (Claim 10). Those episodes involve different actors, duties, and proof than the municipal conduct at the heart of this case. The conspiracy claim does not supply the missing link. It alleges only that all Defendants "at various points agreed with one another to injure Plaintiffs through unlawful acts or through lawful acts committed in an unlawful manner . . . ." (SAC ¶ 191).

The Court therefore declines to add these parties. Kim Vandenberg stands differently. She is already a party, *see* Fed. R. Civ. P. 18(a), and the SAC alleges that she used information obtained as a council member to support the statements at issue (SAC ¶¶ 53, 57, 122(b)). Claims 6–8 may therefore proceed against her. This ruling is without prejudice to Plaintiffs' pursuit of their claims against the private defendants in a separate action.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Motion for Leave to Amend and Consolidate the Related Action (Doc. No. 39) is **GRANTED IN PART and DENIED IN PART**.
2. Leave is **GRANTED** as to the Village of Marvin, Kim Vandenberg, Derek Durst, and Jamie Lein, except as to Claims 1, 4, and 5.
3. Leave is **DENIED WITHOUT PREJUDICE** as to Claims 1, 4, and 5, which Plaintiffs may renew within 30 days after the North Carolina Court of Appeals issues its mandate.
4. Leave is **DENIED** as to Eddie Cathey, D. Brandon Christian, and Robert Nunnenkamp, and consolidation with Case No. 3:26-cv-00159 is **DENIED**.
5. Leave is **DENIED** as to Michael Vandenberg, Adam Wesley Kuykendall, Marnie Black, Rich Valenti, and Milan Damani, without prejudice to a separate action.
6. Within 14 days, Plaintiffs shall file a conforming Second Amended Complaint limited to the following claims, and serving any new defendant under Rule 4:

| SAC Claim | Defendant(s) |
|---|---|
| Claim 2 – 42 U.S.C. § 1983 (First Amendment retaliation) | Village; K. Vandenberg; Durst; Lein |
| Claim 3 – 42 U.S.C. § 1983 (equal protection and due process) | Village |
| Claim 6 – Defamation | K. Vandenberg |
| Claim 7 – Interference with contract (Christopher Comiskey only) | K. Vandenberg |

| SAC Claim | Defendant(s) |
|---|---|
| Claim 8 – Unfair and deceptive trade practices (Christopher Comiskey only) | K. Vandenberg |
| Claim 9 – N.C. Gen. Stat. ch. 132 (public records) | Village |
| Claim 11 – Civil conspiracy | Village; K. Vandenberg; Durst; Lein |

7. The motions to dismiss (Doc. Nos. 16, 24) are **DENIED AS MOOT** without prejudice.

8. Defendants shall respond to the Second Amended Complaint within the time set by Rule 15(a)(3) or Rule 12(a). Within 14 days after the last response is filed, the parties shall conduct the Initial Attorneys' Conference and file their certification report. Any further amendment will be governed by the resulting scheduling order and Rule 16(b)(4).

**SO ORDERED.**

Signed: November 17, 2026

Matthew E. Orso
United States District Judge